FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 AUG 30 P 12:42

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
_____
                              )
ALEXANDRA BASTIEN, ROUDY      )
BELUS, MARIBEL CASTRO         )
VELAZQUEZ, TONI GABRIEL       )
MAURICE JOHNSON, MARLO        )   Civil Action No. 05-11468-MLW
LARRY, DONNA LEE,             )
COURTNEY MYLES and CARLA      )
VICENTE, in her personal      )
capacity and on behalf        )
of her minor child,           )
DESTINY RAMOS,                )
                              )
     Plaintiffs               )
                              )
v.                            )
                              )
WAL-MART STORES, INC.         )
                              )
     Defendant.               )
_____)
```

## MOTION TO SEVER PLAINTIFFS' CLAIMS

NOW COMES the Defendant Wal-Mart Stores East, LP ("Wal-Mart"), who hereby moves this Court to sever the claims of the Plaintiffs pursuant to Federal Rule of Civil Procedure 21 or, in the alternative, to order separate trials for this matter pursuant to Rule 42(b) and Rule 20(b). In support of its motion, Wal-Mart states as follows:

### BACKGROUND

Plaintiffs allege that they are all customers of the Avon Massachusetts Wal-Mart store who were discriminated against in five separate incidents over the course of ten months. Compl. ¶ 1. Specifically, Plaintiffs allege that, on September 29, 2003,

Plaintiff Bastien and Plaintiff Gabriel, both of whom are alleged to be African-American, and Plaintiff Myles, who is alleged to be Caucasian, were exiting the store when Bastien and Gabriel were improperly searched and detained by a "white female employee" while a "white male employee" observed. Compl. ¶¶ 18-29. Plaintiffs allege that, on September 27, 2003, Plaintiff Velazquez and Plaintiff Belus were improperly searched and detained by a "white female employee" while attempting to exit the store. Compl. ¶¶ 30-39. Plaintiffs allege that, on December 20, 2002, Plaintiff Larry and Plaintiff Lee were improperly searched and detained by a "white male employee" while attempting to exit the store. Compl. ¶¶ 40-54. Plaintiffs allege that, on July 3, 2003, Plaintiff Johnson was improperly searched and detained by a "white female employee" while attempting to exit the store. Compl. ¶¶ 55-63. Plaintiffs allege that, on August 30, 2003, Plaintiff Vicente was improperly searched and detained by a "white female employee" while attempting to purchase some items of merchandise and further allege that, during this same incident, Plaintiff Ramos, who is Plaintiff Vicente's daughter, was physically restrained and prevented from leaving the store. Compl. ¶¶ 64-78.

## ARGUMENT

Plaintiffs' claims should be severed because there is no logical connection between them, and a joint trial of their claims would confuse the jury and unfairly prejudice Wal-Mart. Rule 21 provides that "[p]arties may be dropped or added by order of the

court on motion of any party or of its own initiative at any stage of the action and on such terms as are just" and "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. While there may sometimes be a preference for consolidation of cases in the name of judicial economy, consolidation is inappropriate here under Federal Rule of Civil Procedure 20(a). Rule 20(a) states:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. Fed. R. Civ. P. 20(a).

To be sure, the policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits. Puricelli v. CNA Insurance Co., 185 F.R.D. 139, 142 (N.D.N.Y. 1999). Nevertheless, according to Rule 20(a), multiple claims are properly joined only if they (1) arise out of the same transaction, occurrence, or series of transactions or occurrences and (2) if any question of law or fact common to all [the plaintiffs] will arise in the action. Fed. R. Civ. P. 20(a). In order to satisfy the first prong of the Rule 20(a) equation, the claims must be logically related. Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 70 L. Ed. 750, 46 S. Ct. 367 (1926). In the instant matter, Plaintiffs' claims are not logically related because they involve five separate incidents that allegedly occurred over a period of ten months, and it is incumbent upon the Plaintiffs to offer specific facts that would allow the court to conclude that

their cases are related, <u>Milledge v. Rayonier</u>, 2005 U.S. Dist. Lexis 16445, *4 (S.D. Ga. Aug. 5, 2005) (attached hereto as <u>Exhibit 1</u>). Put another way, it is not sufficient for Plaintiffs simply to allege that they have been discriminated against by Wal-Mart at the same store during roughly the same time period. <u>Id.</u>

In the instant case, while the claims of Plaintiffs Bastien, Gabriel, and Myles *may* be related to each other in that the three of them were allegedly stopped by a "white female employee" while shopping together on September 29, 2003, their claims are *totally unrelated* (both factually and temporally) to the claims of the other Plaintiffs. Plaintiffs Bastien, Gabriel, and Myles do not allege that the "white female employee" who allegedly detained them is the same employee involved in the other alleged incidents. Moreover, they do allege that they were even shopping at the store in question when the other four incidents are alleged to have occurred. Finally, the allegations regarding their alleged detention at Wal-Mart are different from the others, and the alleged harm suffered by each Plaintiff differs as well.

Similarly, while the claims of Plaintiffs Velazquez and Belus may be related to each other in that they both allege that they were improperly searched and detained by a "white female employee" while attempting to exit the store together on September 27, 2003, their claims have nothing in common with the claims of the other Plaintiffs (other than that they allegedly occurred at the Avon Massachusetts Wal-Mart Store). Additionally, Plaintiff Velazquez,

4

as a non-citizen, lacks standing to pursue at least one of the counts (as well as certain damages sought) in Plaintiffs' Complaint. Compl. ¶¶ 6, 103-04.

Plaintiffs Larry and Lee allege that they were improperly searched and detained by a "white male employee" on December 20, 2002. Given that the other four incidents involve a "white female employee," the claims of Plaintiffs Larry and Lee are *totally unique*. Moreover, should their claims not be severed, Plaintiffs Larry and Lee will be unfairly permitted to prosecute claims for which the statute of limitations has run.[1]

Plaintiff Johnson was allegedly searched and detained by a "white female employee" while attempting to exit the store on July 3, 2003. Nevertheless, Plaintiffs do not allege that the "white female employee" who allegedly detained him is the same employee involved in all of the other alleged incidents, nor do they allege that Plaintiff Johnson was shopping at the store in question when the other four incidents are alleged to have occurred. Plaintiff Johnson is also alleged to have been searched in the presence of "two white male employees" who were, apparently, not present during the other four alleged incidents. Further, the allegations

---

[1] For example, the limitations period for Plaintiffs' § 1981 claim is 300 days. See Townsend v. Grey Line Bus, Co., 597 F. Supp. 1287, 1290 (D. Mass. 1984) ("The appropriate time period [for a § 1981 claim] is established by the particular state law which is most analogous to § 1981."); M.G.L. c. 151B, § 5 (2004) ("Any complaint filed pursuant to this section must be so filed within 300 days after the alleged act of discrimination."). Plaintiffs Larry and Lee allege that they were discriminated against on December 20, 2002, but they did not file a Charge with the Massachusetts Commission Against Discrimination until November 17, 2003 (332 days later).

regarding his alleged detention at Wal-Mart are different from the others, and the alleged harm suffered by him differs as well.

Finally, Plaintiffs allege that, on August 30, 2003, Plaintiff Vicente was improperly searched and detained by a "white female employee" while attempting to purchase some items of merchandise and further allege that, during this same incident, Plaintiff Ramos, who is Plaintiff Vicente's daughter, was physically restrained and prevented from leaving the store.  Again, Plaintiffs do not allege that the employee who allegedly detained them is the same employee involved in the other alleged incidents, nor do they allege that Plaintiff Vicente was even shopping at the store in question when the other four incidents are alleged to have occurred.  Additionally, the allegations regarding their alleged detention at Wal-Mart are different from the others, and the alleged harm suffered by them differs as well.

While it would certainly be appropriate for the Court to sever the Plaintiffs' claims pursuant to Rule 21, the Court may, in the alternative, require the Plaintiffs to try their claims separately pursuant to Federal Rule of Civil Procedure 20(b) and 42(b).  Rule 42(b) provides that the Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim or of any number of claims.  Fed. R. Civ. P. 42(b); see also Fed. R. Civ. P. 20(b) ("The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the

inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice.") A primary purpose of Rule 42(b) is to give courts the power to unravel diverse, unrelated issues and fact patterns, which might, if tried and submitted to a jury together, create prejudicial confusion. Here, a joint trial of Plaintiffs' claims would most certainly prejudice Wal-Mart with the jury - primarily because of the multitude of witnesses who are expected to testify (all of whom will presumably only be able to testify about one of the five alleged acts of discrimination). Cf. Disparte v. Corporate Executive Board, 223 F.R.D. 7, 25 (D.C. 2004) (granting defendant's motion to sever plaintiff's race discrimination suit, in part, because the plaintiffs had different supervisors and different job functions).

A joint trial would also unfairly prejudice Wal-Mart because evidence introduced to support one of the Plaintiffs' claims would have a tendency to unfairly influence the jury with respect to the others. For example, in the event that one of the Plaintiffs introduces credible evidence in support of his claim for false imprisonment, but none of the other Plaintiffs are able to do so, the jury may decide that the other Plaintiffs are, nevertheless, deserving of an award -- or that Wal-Mart deserves to be punished. Further, if some of the Plaintiffs were to allege that the "white female employee" who allegedly detained them is the same "white

7

female employee" involved in some of the other alleged incidents, the jury may have a tendency to decide in favor of all of the Plaintiffs even after Wal-Mart presents credible evidence that said employee's actions were justified in the other incidents. Accordingly, Wal-Mart also requests separate and distinct trials for this matter under Rule 42(b) and Rule 20(b).

WHEREFORE, Wal-Mart Stores East, LP respectfully requests that this Honorable Court grant its Motion to Sever Plaintiffs' Claims or, in the alternative, that it order separate trials for this matter.

REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Wal-Mart Stores East, LP hereby requests a hearing at such time as the Court determines.

Respectfully submitted,

Dated: August 29, 2005

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
 PROFESSIONAL CORPORATION

_____
Richard E. Quinby (BBO#545641)
Allison M. O'Neil (BBO#641330)
Chauncey D. Steele IV (BBO#647207)
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
(617) 367-9500

## RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Plaintiffs' counsel on August 19, 2005 and that I attempted in good faith to resolve this issue.

_____
Allison M. O'Neil

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on August 29, 2005.

_____
Chauncey D. Steele IV

*2005 U.S. Dist. LEXIS 16445, \**

WILLIAM MILLEDGE, CATO WALTHOUR, and SAMUEL WALTHOUR, Plaintiffs, v. RAYONIER INC., Defendant.

CIVIL ACTION NO. CV204-133

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, BRUNSWICK DIVISION

2005 U.S. Dist. LEXIS 16445

August 4, 2005, Decided
August 5, 2005, Filed

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Plaintiff employees sued defendant employer, asserting race discrimination claims under Title VII of the Civil Rights Act of 1964 and related state law claims. The employer filed a motion to sever, pursuant to Fed. R. Civ. P. 21.

**OVERVIEW:** One employee worked in a different department than the other two employees. The employee performed a different job under a different supervisor than the other employees. Moreover, it did not appear that the employees' witnesses or documentary evidence overlapped. This indicated that the employee's factual allegations of discrimination were distinct. Further, the employees did not assert that a common supervisor or company official was responsible for the alleged discrimination. The employee's right to relief therefore did not arise out of the same transactions or occurrences as the other employees' claims. Under Fed. R. Civ. P. 20, it was not sufficient to allege that all the employees suffered racial discrimination at the employer during roughly the same time period. Without any kind of allegation from the employees as to how the incidents were connected, the employee's claim should not have been joined with the claims of the other two employees. Because the employees' failed to satisfy the permissive joinder provisions of Rule 20, the one employee's claim was severed and proceeded with apart from the claims of the other employees, which remained joined.

**OUTCOME:** The motion to sever was granted.

**CORE TERMS:** mill, supervisor, began working, occurrence, grievance, motion to sever, right to relief, consolidated, joined, deposition, proceeded, vibration, testing, severed, filled, duties

**LexisNexis(R) Headnotes**

Civil Procedure > Joinder of Claims & Parties > Permissive Joinder of Coparties
*HN1* See Fed. R. Civ. P. 20(a).

Civil Procedure > Joinder of Claims & Parties > Misjoinder of Parties
*HN2* See Fed. R. Civ. P. 21.

Civil Procedure > Joinder of Claims & Parties > Misjoinder of Parties
*HN3* Fed. R. Civ. P. 21 provides that motions to sever are proper at any stage of an action.

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 16445				Page 2 of 4

Case 1:05-cv-11468-RBC   Document 3-2   Filed 08/30/2005   Page 2 of 4

**COUNSEL:** [*1] For William Milledge, Cato Walthour, Samuel Walthour, Cornell Shaw, Plaintiffs: Walter Douglas Adams, Brunswick, GA.

For Rayonier, Incorporated, Defendant: Evan H. Pontz, Lindsay S. Marks, Robert H. Buckler, Troutman Sanders, LLP, Bank of America Plaza, Atlanta, GA; Wallace E. Harrell, Gilbert, Harrell, Gilbert, Sumerford &, Martin, PC, Brunswick, GA.

**JUDGES:** Anthony A. Alaima, JUDGE.

**OPINIONBY:** Anthony A. Alaimo

**OPINION: ORDER**

Plaintiffs, William Milledge, Cato Walthour, and Samuel Walthour, filed the above-captioned case against Defendant, Rayonier Inc., asserting race discrimination claims under Title VII and related state law claims. Presently before the Court is Rayonier's motion to sever. Because Milledge's claim arises out of a separate transaction or occurrence, Rayonier's motion will be **GRANTED.**

**BACKGROUND**

Rayonier operates a paper pulp mill in Jesup, Georgia. In 1974, Milledge, a black man, began working at the mill. Milledge is a lead operator in the mill's Machines and Finishing Department, and has been employed in that department since he began working at the mill. Like his coworkers, he has filled in for absent shift supervisors from time to time [*2] during his tenure. In September 2003, Milledge applied for a promotion to become a shift supervisor in his department, but was not chosen for the job. Susan Stewart, a white woman with less experience, but with a four year degree, was selected instead.

Milledge suspected that he was passed over due to his race, not because he lacked sufficient education. So on December 29, 2003, he filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission "EEOC"). In his EEOC Charge, in addition to complaining about Rayonier's failure to promote him, Milledge asserted that white co-workers were given more opportunities to substitute for absent supervisors than he received.

Cato Walthour and Samuel Walthour are Maintenance Support Utility Level II technicians in the mill's Maintenance Department. In 1972, Cato Walthour began working at the mill, as a laborer in the bleach plant. In the Maintenance Department, Cato Walthour operates a cherry picker flatbed truck, and Bobcat machinery. In 1972, Samuel Walthour also began working at the mill, doing yard utility work. His typical duties include operating a jackhammer, building scaffolds, and shoveling.

Cato Walthour [*3] and Samuel Walthour, both black men, contend that Rayonier discriminated against them on the basis of their race by assigning more lucrative, less-labor intensive work to less senior, white maintenance workers. Cato Walt hour and Samuel Walthour assert that Hugh Harvey and Gary Bowen were assigned vibration testing work, without either Plaintiff having been offered the assignments.

On January 18, 2001, Cato Walthour and Samuel Walthour filed a grievance through their trade union, the Paper, Allied-Industrial, Chemical & Energy Workers International Union, Local 3-787, contesting the job assignments. Although their grievance was unsuccessful, on August 19, 2003, Cato Walthour and Samuel Walthour filed another grievance regarding this assignment of duties, seeking the difference in pay between their wages and what Harvey and Bowen were earning doing vibration testing.

When the grievance was rejected in 2003, Cato Walt hour and Samuel Walthour took their

Get a Document by Citation 2005 U.S. Dist. LEXIS 18445

Case 1:05-cv-01468-RBC Document 31-2 Filed 08/30/2005 Page 3 of 4

Page 3 of 4

complaints to the federal government. On December 30, 2003, Cato Walthour submitted a Charge of Discrimination against Rayonier to the EEOC regarding this conduct. The next day, Samuel Walthour did likewise.

**DISCUSSION [*4]**

Federal Rule of Civil Procedure 20(a) provides, in pertinent part:

> HN1 All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Rule 21 states in part that: HN2 "[p]arties may be dropped or added by order of the court . . . at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

In the instant case, Milledge worked in a different department than Cato Walthour and Samuel Walthour. Milledge performed a different job, under a different supervisor than the other Plaintiffs. Moreover, it does not appear that Plaintiffs' witnesses or documentary evidence overlap. The witnesses named by Milledge during his deposition are all different than those identified by Cato Walthour and Samuel Walthour. This indicates that Milledge's factual allegations of discrimination are distinct.

Plaintiffs have not asserted that **[*5]** a common supervisor or company official was responsible for the alleged discrimination. Under Rule 20, it is not sufficient to allege that all Plaintiffs suffered racial discrimination at Rayonier during roughly the same time period. Without any kind of allegation from Plaintiffs as to how these incidents were connected, Milledge's claim should not have been joined with the claims of Cato Walthour and Samuel Walthour. See Grayson v. K-Mart Corp., 849 F. Supp. 785, 787-89 (N.D. Ga. 1994).

At this point in the lawsuit, it is incumbent on Plaintiffs to offer specific facts that would allow the Court to conclude that the Milledge's case is related logically to the other Plaintiffs' cases. Mack v. J.C. Penney Co., 108 F.R.D. 30, 32 (S.D. Ga. 1985); Sheets v. CTS Wireless Components, Inc., 213 F. Supp. 2d 1279, 1286-87 (D.N.M. 2002); Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). Depositions have been taken of all Plaintiffs, yet neither Plaintiffs' sworn testimony, nor Plaintiffs' perfunctory brief opposing the motion to sever, indicates how Milledge's claim bears any relationship to the claims of **[*6]** Cato Walthour and Samuel Walthour. n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 As for Plaintiffs' objection to the timing of Defendant's motion, the Court notes that HN3 Rule 21 provides that such motions are proper at "any stage of the action[.]" Rayonier's motion may have been delayed by Plaintiffs' bare-bones complaint and purportedly dilatory discovery responses. See Doc. Nos. 13, 21.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Milledge's right to relief does not arise out of the same transactions or occurrences as the other Plaintiffs claims. Because Plaintiffs fail to satisfy the permissive joinder provisions of

Rule 20, Milledge's claim shall be severed and proceeded with apart from the claims of Cato Walthour and Samuel Walthour, which shall remain joined.

The Court recognizes that Plaintiffs' complaint contains a conclusory allegation that discrimination was a "general policy" at Rayonier. However, Plaintiffs have filled to elaborate on this theory during the pendency of the case. Thus, there are no known efficiencies that will result for the parties or the Court by a consolidated **[*7]** trial. A consolidated trial would be prejudicial to Rayonier under these circumstances. As a result, separate trials would also be appropriate under Rule 42 of the Federal Rules of Civil Procedure.

**CONCLUSION**

For the reasons discussed above, Rayonier's motion to sever is **GRANTED**. See Doc. No. 14.

**SO ORDERED**, this 4th day of August, 2005.

Anthony A. Alaima

JUDGE, UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

Service: **Get by LEXSEE®**
Citation: **2005 U.S. Dist. LEXIS 16445**
View: Full
Date/Time: Monday, August 22, 2005 - 10:30 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.