UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
ALEXANDRA BASTIEN, ROUDY  )
BELUS, MARIBEL CASTRO     )
VELAZQUEZ, TONI GABRIEL   )
MAURICE JOHNSON, MARLO    )    Civil Action No. 05-11468-MLW
LARRY, DONNA LEE,         )
COURTNEY MYLES and CARLA  )
VICENTE, in her personal  )
capacity and on behalf    )
of her minor child,       )
DESTINY RAMOS,            )
                          )
     Plaintiffs,          )
                          )
v.                        )
                          )
WAL-MART STORES, INC.,    )
                          )
     Defendant.           )
```

## ANSWER AND JURY DEMAND

Defendant Wal-Mart Stores East, LP ("Wal-Mart"), incorrectly identified in the Complaint as Wal-Mart Stores, Inc., hereby answers the allegations in the Complaint filed by Plaintiffs as follows:

### Introduction

1.    Wal-Mart denies the allegations in paragraph 1 of Plaintiffs' Complaint.

### Jurisdiction and Venue

2.    Wal-Mart denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.    Wal-Mart is without knowledge sufficient to form a belief
as to the truth of the allegations contained in paragraph 3 of
Plaintiffs' Complaint.

### Parties

4.    Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 4 of the Plaintiffs' Complaint.

5.    Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 5 of the Plaintiffs' Complaint.

6.    Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 6 of the Plaintiffs' Complaint.

7.    Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 7 of the Plaintiffs' Complaint.

8.    Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 8 of the Plaintiffs' Complaint.

9.    Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 9 of the Plaintiffs' Complaint..

10.   Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 10 of the Plaintiffs' Complaint.

11.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Plaintiffs' Complaint.

12.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Plaintiffs' Complaint.

13.   The correct corporate entity is Wal-Mart Stores East, LP. Wal-Mart stores is a Delaware corporation with a principal place of business at 702 Southwest 8th Street, Bentonville, AR 72716.   Wal-Mart Stores, East LP does operate retail establishments within the Commonwealth of Massachusetts.  Wal-Mart further admits that it transacts business in Massachusetts and has operated a retail establishment located in Avon, Massachusetts since July 26, 1994.

14.   Wal-Mart denies the allegations in paragraph 14 of Plaintiffs' Complaint.

15.   Wal-Mart denies the allegations in paragraph 15 of Plaintiffs' Complaint.

16.   Wal-Mart denies the allegations in paragraph 16 of Plaintiffs' Complaint.

17.   Wal-Mart denies the allegations in paragraph 17 of Plaintiffs' Complaint.

### Factual Background

18.   Wal-Mart admits that Bastien, Gabriel and Myles went to the Avon Wal-Mart on September 29, 2003.  The defendant is without

3

knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in paragraph 18 of the Plaintiffs' Complaint.

19. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Plaintiffs' Complaint.

20. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Plaintiffs' Complaint.

21. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Plaintiffs' Complaint.

22. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Plaintiffs' Complaint.

23. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Plaintiffs' Complaint.

24. Wal-Mart admits that Bastien, Gabriel and Myles were stopped at the exit of the Avon Wal-Mart. Wal-Mart admits that an employee asked to see the contents of Bastien's purse. Bastien granted her consent. Wal-Mart denies the remaining allegations in paragraph 24 of Plaintiffs' Complaint.

25. Wal-Mart denies the allegations in paragraph 25 of Plaintiffs' Complaint.

4

26.  Wal-Mart admits that its policies prohibit employees from searching customers and Wal-Mart's policies prohibit employees from searching customer's personal belongings without permission.

27.  Wal-Mart admits that Bastien, Gabriel and Myles were stopped at the front of the store.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in paragraph 27 of the Plaintiffs' Complaint.

28.  Wal-Mart admits that no merchandise was found in Bastien's purse.  In further answering, Wal-Mart is without knowledge or information as to the remainder of the allegations contained in Paragraph 28 of the Plaintiffs' Complaint.

29.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Plaintiffs' Complaint.

<u>Discrimination Against the Beluses</u>

30.  Wal-Mart admits that individuals who represented themselves to be Roudy Belus, Maribel Belus and an 8 year old girl were in the Avon Wal-Mart.  Wal-Mart is without knowledge as to their actual names, ages or relationship to each other.

31.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Plaintiffs' Complaint.

32.  Wal-Mart admits that Mr. and Mrs. Belus purchased several items.  Wal-Mart admits that Mr. and Mrs. Belus were stopped at the

front of the store.  Wal-Mart denies that the security alarm did not sound.  A Wal-Mart employee asked to look in Mrs. Belus' bag and she complied.

33.  Wal-Mart admits that a container of hair coloring was found in the backpack of Mrs. Belus.  Wal-Mart denies the remaining allegations contained in paragraph 33 of the Plaintiffs' Complaint.

34.  Wal-Mart admits that its policies prohibit employees from searching customers and Wal-Mart's policies prohibit employees from searching customer's personal belongings without permission.

35.  Wal-Mart denies the allegations in paragraph 35 of Plaintiffs' Complaint.

36.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiffs' Complaint.

37.  Upon present information and belief no sign was ever displayed at the Avon store regarding backpacks.

38.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Plaintiffs' Complaint.

39.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of Plaintiffs' Complaint.

<u>Discrimination Against Lee and Larry</u>

40.   Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 40 of the Plaintiffs' Complaint.

41.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 41 of the Plaintiffs' Complaint.

42.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 42 of the Plaintiffs' Complaint.

43.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 43 of the Plaintiffs' Complaint.

44.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 44 of the Plaintiffs' Complaint.

45.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 45 of the Plaintiffs' Complaint.

46.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 46 of the Plaintiffs' Complaint.

47.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 47 of the Plaintiffs' Complaint.

48.  Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Plaintiffs' Complaint.

49.  Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Plaintiffs' Complaint.

50.  Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Plaintiffs' Complaint.

51.  Wal-Mart admits that its policies prohibit employees from searching customers and Wal-Mart's policies prohibit employees from searching customer's personal belongings without permission.

52.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Plaintiffs' Complaint.

53.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Plaintiffs' Complaint.

54.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Plaintiffs' Complaint.

### Discrimination Against Johnson

55.  Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Plaintiffs' Complaint.

56.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 56 of the Plaintiffs' Complaint.

57.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 57 of the Plaintiffs' Complaint.

58.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 58 of the Plaintiffs' Complaint.

59.   Wal-Mart admits that its policies prohibit employees from
searching customers and Wal-Mart's policies prohibit employees from
searching customer's personal belongings without permission.

60.   Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 60 of the Plaintiffs' Complaint.

61.   Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 61 of the Plaintiffs' Complaint.

62.   Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 62 of the Plaintiffs' Complaint.

63.   Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 63 of the Plaintiffs' Complaint.

Discrimination Against Vicente and Ramos

9

64. Wal-Mart admits that an individual who represented herself to be Carla Vincente was in the Avon Wal-Mart.

65. Wal-Mart admits the allegations contained in the first two sentences of paragraph 65 and denies the remaining allegation in paragraph 65 of the Plaintiffs' Complaint.

66. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth the allegations contained in paragraph 66 of the Plaintiffs' Complaint.

67. Wal-Mart denies the allegations in paragraph 67 of Plaintiffs' Complaint.

68. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Plaintiffs' Complaint.

69. Wal-Mart admits the allegation contained in the first sentence of paragraph 69 of the Plaintiffs' Complaint. Wal-Mart denies the allegations in the second sentence of paragraph 69 of Plaintiffs' Complaint.  Wal-Mart admits that the police were called to the store.

70. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Plaintiffs' Complaint.

71. Wal-Mart admits the allegations contained in paragraph 71 of the Plaintiffs' Complaint.

72. Wal-Mart denies the allegations in paragraph 72 of Plaintiffs' Complaint.

73.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Plaintiffs' Complaint.

74.   Wal-Mart denies the allegations in paragraph 74 of Plaintiffs' Complaint.

75.   Wal-Mart admits that its policies prohibit employees from searching customers and Wal-Mart's policies prohibit employees from searching customer's personal belongings without permission.

76.   Wal-Mart denies the allegations in paragraph 76 of Plaintiffs' Complaint.

77.   Wal-Mart is without knowledge of the decisions made by the Avon Police Department.  Wal-Mart denies the remaining allegations in paragraph 77 of Plaintiffs' Complaint.

78.   Wal-Mart denies the allegations in paragraph 78 of Plaintiffs' Complaint.

Count I
(42 U.S.C. § 1981 - Contracts Clause)

79.   Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-78 above.

80.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Plaintiffs' Complaint.

81.   Wal-Mart denies the allegations in paragraph 81 of Plaintiffs' Complaint.

82.   Wal-Mart denies the allegations in paragraph 82 of Plaintiffs' Complaint.

83.   Wal-Mart denies the allegations in paragraph 83 of Plaintiffs' Complaint.

84.   Wal-Mart denies the allegations in paragraph 84 of Plaintiffs' Complaint.

85.   Wal-Mart denies the allegations in paragraph 85 of Plaintiffs' Complaint.

86.   Wal-Mart denies the allegations in paragraph 86 of Plaintiffs' Complaint.

87.   Wal-Mart denies the allegations in paragraph 87 of Plaintiffs' Complaint.

Count II
(42 U.S.C. § 1981 - Equal Benefits Clause)

88.   Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-87 above.

89.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Plaintiffs' Complaint.

90.   Wal-Mart denies the allegations in paragraph 90 of Plaintiffs' Complaint.

91.   Wal-Mart denies the allegations in paragraph 91 of Plaintiffs' Complaint.

92.   Wal-Mart denies the allegations in paragraph 92 of Plaintiffs' Complaint.

93.   Wal-Mart denies the allegations in paragraph 93 of Plaintiffs' Complaint.

94. Wal-Mart denies the allegations in paragraph 94 of Plaintiffs' Complaint.

95. Wal-Mart denies the allegations in paragraph 95 of Plaintiffs' Complaint.

96. Wal-Mart denies the allegations in paragraph 96 of Plaintiffs' Complaint.

Count III
(42 U.S.C. § 1982 – Equal Right to Purchase, Hold, or Convey Personal Property)

97. Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-96 above.

98. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Plaintiffs' Complaint.

99. Wal-Mart denies the allegations in paragraph 99 of Plaintiffs' Complaint.

100. Wal-Mart denies the allegations in paragraph 100 of Plaintiffs' Complaint.

101. Wal-Mart denies the allegations in paragraph 101 of Plaintiffs' Complaint.

102. Wal-Mart denies the allegations in paragraph 102 of Plaintiffs' Complaint.

103. Wal-Mart admits that Maribel Castro Veazquez is not entitled to relief under 42 U.S.C., Section 1982. Wal-Mart denies the remaining allegations in paragraph 103 of Plaintiffs' Complaint.

13

104.   Wal-Mart denies the allegations in paragraph 104 of
Plaintiffs' Complaint.

Count IV<br>(M.G.C. c. 12, § 111 – Massachusetts Civil Rights Act)

105.   Wal-Mart adopts and incorporates by reference its answers
to the allegations contained in ¶¶ 1-104 above.

106.   Wal-Mart denies the allegations in paragraph 106 of
Plaintiffs' Complaint.

107.   Wal-Mart denies the allegations in paragraph 107 of
Plaintiffs' Complaint.

108.   Wal-Mart denies the allegations in paragraph 108 of
Plaintiffs' Complaint.

Count V<br>(M.G.L. c. 93A, § 9 – Massachusetts Consumer Protection Act)

109.   Wal-Mart adopts and incorporates by reference its answers
to the allegations contained in ¶¶ 1-108 above.

110.   Wal-Mart admits the allegations contained in paragraph
110 of Plaintiffs' Complaint.

111.   Wal-Mart admits the allegations contained in paragraph
111 of Plaintiffs' Complaint.

112.   Wal-Mart denies the allegations in paragraph 112 of
Plaintiffs' Complaint.

113.

114.

115.   Wal-Mart denies the allegations in paragraph 115 of
Plaintiffs' Complaint.

## Count VI
### (M.G.L. c. 93, § 102 – Equal Rights Act)

116.   Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-115 above.

117.   Wal-Mart denies the allegations in paragraph 117 of Plaintiffs' Complaint.

118.   Wal-Mart denies the allegations in paragraph 118 of Plaintiffs' Complaint.

## Count VII
### (M.G.L. c. 272, § 89 – Discrimination in a Place of Public Accommodation)

119.   Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-118 above.

120.   Wal-Mart denies the allegations in paragraph 120 of Plaintiffs' Complaint.

121.   Wal-Mart admits the allegations contained in paragraph 121 of Plaintiffs' Complaint.

122.   Wal-Mart denies the allegations in paragraph 122 of Plaintiffs' Complaint.

123.   Wal-Mart denies the allegations in paragraph 123 of Plaintiffs' Complaint.

## Count VIII
### (Good Faith and Fair Dealing)

124.   Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-123 above.

125.   Wal-Mart denies the allegations in paragraph 124 of Plaintiffs' Complaint.

126. Wal-Mart admits the allegations contained in paragraph 126 of Plaintiffs' Complaint.

127. Wal-Mart denies the allegations in paragraph 127 of Plaintiffs' Complaint.

128. Wal-Mart denies the allegations in paragraph 128 of Plaintiffs' Complaint.

## Count IX
### (Common Law False Imprisonment)

129. Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-128 above.

130. Wal-Mart denies the allegations in paragraph 129 of Plaintiffs' Complaint.

131. Wal-Mart denies the allegations in paragraph 131 of Plaintiffs' Complaint.

132. Wal-Mart denies the allegations in paragraph 132 of Plaintiffs' Complaint.

## Count X
### (Common Law Intentional Infliction of Emotional Distress)

133. Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-132 above.

134. Wal-Mart denies the allegations in paragraph 134 of Plaintiffs' Complaint.

135. Wal-Mart denies the allegations in paragraph 135 of Plaintiffs' Complaint.

136. Wal-Mart denies the allegations in paragraph 136 of Plaintiffs' Complaint.

16

137.   Wal-Mart denies the allegations in paragraph 137 of Plaintiffs' Complaint.

138.   Wal-Mart denies the allegations in paragraph 138 of Plaintiffs' Complaint.

## Count XI
### (Common Law Defamation)

139.   Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-138 above.

140.   Wal-Mart denies the allegations in paragraph 140 of Plaintiffs' Complaint.

141.   Wal-Mart denies the allegations in paragraph 141 of Plaintiffs' Complaint.

142.   Wal-Mart denies the allegations in paragraph 142 of Plaintiffs' Complaint.

## Count XII
### (Assault and Battery as to Destiny Ramos)

143.   Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-142 above.

144.   Wal-Mart denies the allegations in paragraph 144 of Plaintiffs' Complaint.

145.   Wal-Mart denies the allegations in paragraph 145 of Plaintiffs' Complaint.

146.   Wal-Mart denies the allegations in paragraph 146 of Plaintiffs' Complaint.

—

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against Wal-Mart upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages and, thus, are not entitled to recover.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the damages alleged are not recoverable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting their claims against Wal-Mart.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting their claims by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations are frivolous, unreasonable, or without actual legal foundation, and Wal-Mart is entitled to its legal fees and costs pursuant to M.G.L. ch. 231, § 6F.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as they have failed to exhaust their administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail for insufficient service of process and insufficiency of process.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail as the proper notice was not sent to Defendants.

### TENTH AFFIRMATIVE DEFENSE

All decisions made and actions taken concerning the Plaintiffs were made and taken for non-discriminatory reasons and without discriminatory intent.

### ELEVENTH AFFIRMATIVE DEFENSE

The detention of the Plaintiffs was based upon probable cause.

### TWELFTH AFFIRMATIVE DEFENSE

Wal-Mart acted in good faith, and lawfully and reasonably detained the Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs were rightly detained with the use of no more force than was necessary.

### FOURTEENTH AFFIRMATIVE DEFENSE

Wal-Mart was justified in its conduct and acts, and is therefore not liable to the Plaintiffs as alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

The words and actions of Wal-Mart described in the Complaint were not defamatory and any such statements made were true.

### SIXTEENTH AFFIRMATIVE DEFENSE

There was no consideration for the contracts referenced in Plaintiffs' Complaint and, thus, they are void.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs lack standing to raise the
claims set forth in the Complaint because they are non-citizens.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are guilty of laches and unreasonable delay in
bringing this action in that they had notice of all the facts and
acts of Wal-Mart set forth in the Complaint and, nevertheless,
refrained from commencing this action until July 12, 2005.

## TWENTIETH AFFIRMATIVE DEFENSE

Wal-Mart states that the alleged demand letter sent to Wal-
Mart on behalf of the Plaintiffs failed to comply with M.G.L. c.
93A in form.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Wal-Mart states that the alleged demand letter sent to Wal-
Mart on behalf of the Plaintiffs failed to comply with M.G.L. c.
93A in substance.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Wal-Mart states that the alleged demand letter sent to Wal-
Mart on behalf of the Plaintiffs need not have been answered by
Wal-Mart under the circumstances.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Wal-Mart states that, if Wal-Mart acted unreasonably,
unfairly, or in violation of any statutory provision, then the

Plaintiffs have failed to allege that they were prejudiced thereby, or otherwise damaged.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Wal-Mart states that it acted reasonably and in good faith at all times with respect to Plaintiffs' claims.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Wal-Mart will rely upon such other and further defenses as may become available or apparent during discovery or otherwise and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

### DEMAND FOR JURY TRIAL

Defendant Wal-Mart Stores East, LP hereby demands a trial by jury on all issues so triable.

Dated: August 22, 2005          WAL-MART STORES EAST, LP

                                By its attorneys,

                                CRAIG AND MACAULEY
                                PROFESSIONAL CORPORATION


                                Richard E. Quinby (BBO#545641)
                                Allison M. O'Neil (BBO#641330)
                                Chauncey D. Steele IV (BBO#647207)
                                Craig and Macauley
                                  Professional Corporation
                                Federal Reserve Plaza
                                600 Atlantic Avenue
                                Boston, MA  02210
                                (617) 367-9500

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail & fax on August 29, 2005.

Allison M. O'Neil