UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALEXANDRA BASTIEN, ROUDY )
BELUS, MARIBEL CASTRO )
VELAZQUEZ, TONI GABRIEL )
MAURICE JOHNSON, MARLO )   Civil Action No. 05-11468-MLW
LARRY, DONNA LEE, )
COURTNEY MYLES and CARLA )
VICENTE, in her personal )
capacity and on behalf )
of her minor child, )
DESTINY RAMOS, )
)
    Plaintiffs )
)
v. )
)
WAL-MART STORES, INC. )
)
    Defendant. )

OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT

NOW COMES the Defendant Wal-Mart Stores East, LP ("Wal-Mart"), who hereby files this opposition to Plaintiffs' Motion for Leave to File a First Amended Complaint. In support of its opposition, Wal-Mart incorporates by reference the reasons supplied in its Motion to Sever Plaintiffs' Claims, which was filed with the Court on August 29, 2005. Specifically, the three additional Plaintiffs put forth in Plaintiffs' proposed First Amended Complaint are in no better position to be joined than the ten original Plaintiffs in that, like the ten original Plaintiffs, there is no logical connection between their claims, and a joint trial of their claims

is certain to confuse the jury and unfairly prejudice Wal-Mart. In further support of its motion, Wal-Mart states as follows:

## BACKGROUND

On July 12, 2005, Plaintiffs filed a Complaint against Wal-Mart alleging discrimination on account of their race and/or ethnicity. On August 20, 2005, Wal-Mart filed an Answer and Jury Demand and, on August 29, 2005, filed a Motion to Sever Plaintiffs' Claims. On September 26, 2005, Plaintiffs filed a Motion For Leave to File a First Amended Complaint, which is the subject of this Opposition. In their proposed Amended Complaint, Plaintiffs now endeavor to add three additional Plaintiffs who were allegedly customers of Wal-Mart and were allegedly discriminated against in three separate incidents spanning over the course of three years. Am. Compl. ¶¶ 21-29, 76-94.

## ARGUMENT

Plaintiffs' Motion For Leave to File a First Amended Complaint should be denied because the claims of the three proposed Plaintiffs they are seeking to join share no logical connection, and a joint trial of their claims would confuse the jury and unfairly prejudice Wal-Mart. Of great import is the fact that one of the additional proposed Plaintiffs, Alezalee Ayala, is not even alleged to have been a customer in the Avon Wal-Mart store, which is the subject store of the original Complaint. Am. Compl. ¶¶ 21-29. She is also alleged to have been discriminated against on September 27, 2002, which is over three years ago. Am. Compl. ¶

2

21. Thus, like the claims of Plaintiffs Larry and Lee, proposed Plaintiff Ayala's claim is *totally unique*. Moreover, should proposed Plaintiff Ayala's claim be incorporated into Plaintiffs' Complaint, she will be unfairly permitted to prosecute claims for which the statute of limitations has run.[1]

Further, although the other two proposed Plaintiffs (Chris Sandiford and Michelle Tyler) are alleged to have been discriminated against in the Avon Wal-Mart, they were allegedly involved in entirely separate incidents that occurred over one year apart from each other, and they have nothing in common with each other or the original Plaintiffs (other than the Avon Wal-Mart store). Am. Compl. ¶¶ 76-94. Specifically, proposed Plaintiff Sandiford is alleged to have been discriminated against by two "security guards" - a "white male" and a "white female," Am. Compl. ¶¶ 76-85, and proposed Plaintiff Tyler is alleged to have been discriminated against by "a white male employee." Am. Compl. ¶¶ 86-94. Further, should proposed Plaintiff Tyler's claim be incorporated into Plaintiffs' Complaint, she, too, will be unfairly permitted to prosecute claims for which the statute of limitations has run.[2]

---

[1] For example, the limitations period for Plaintiffs' M.G.L. c. 272, § 98 claim is 300 days, M.G.L. c. 272, §98 (2004); M.G.L. 151B, § 5 (2004) ("Any complaint filed pursuant to this section must be so filed within 300 days after the alleged act of discrimination."), and proposed Plaintiff Ayala is alleged to have been discriminated against on September 27, 2002. Am. Compl. ¶ 21.

[2] Proposed Plaintiff Tyler is alleged to have been discriminated against in "early 2004." Am. Compl. ¶ 86.

3

In short, joinder is entirely inappropriate here because a joint trial of these claims would severely prejudice Wal-Mart. The factual and legal support for this premise has been discussed in Wal-Mart's Motion to Sever Plaintiffs' Claims, which was filed with the Court on August 29, 2005. Without question, evidence introduced to support one of the Plaintiffs' claims would have a tendency to unfairly influence and confuse the jury with respect to the others. Plaintiffs' assertion that Wal-Mart will have to defend itself against the claims of the proposed additional Plaintiffs whether the motion to amend is granted or denied is an accurate statement of fact, but it misses the point entirely. Clearly, the Plaintiffs' desire to have the claims tried as one so as to suggest to the jury that, if one improper event took place, it is likely that other allegations of wrongful conduct must have occurred. Should Plaintiffs' motion to amend be denied, Wal-Mart will at least have a chance to defend itself before a jury that is not inflamed or unfairly influenced by unrelated and irrelevant evidence. Should Plaintiffs' motion be granted, Wal-Mart will have no such chance and will be denied the opportunity to be heard before an unbiased trier of fact.

WHEREFORE, Wal-Mart Stores East, LP respectfully requests that this Honorable Court deny Plaintiffs' Motion For Leave to File a First Amended Complaint or, in the alternative, that it order separate trials for this matter under Rule 42(b) and Rule 20(b).

REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Wal-Mart Stores East, LP hereby requests a hearing at such time as the Court determines.

Dated: October 6, 2005            Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

CRAIG AND MACAULEY
   PROFESSIONAL CORPORATION

_____
Richard E. Quinby (BBO#545641)
Allison M. O'Neil (BBO#641330)
Chauncey D. Steele IV (BBO#647207)
Craig and Macauley
   Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
(617) 367-9500


RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Plaintiffs' counsel on or about September 1, 2005 and that I attempted in good faith to resolve this issue.

_____
Richard E. Quinby


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on October 6, 2005.

_____
Chauncey D. Steele IV