UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                              )
ALEZALEE AYALA, ALEXANDRA)
BASTIEN, ROUDY BELUS,         )
MARIBEL CASTRO VELAZQUEZ,)          Civil Action No. 05-11468-MLW
TONI GABRIEL, MAURICE         )
JOHNSON, MARLO LARRY,         )
DONNA LEE, COURTNEY           )
MYLES, CHRIS SANDIFORD,       )
MICHELLE TYLER and CARLA )
VICENTE, in her personal )
capacity and on behalf        )
of her minor child,           )
DESTINY RAMOS,                )
                              )
      Plaintiffs,             )
                              )
v.                            )
                              )
WAL-MART STORES, INC.,        )
                              )
      Defendant.              )
_____)
```

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Wal-Mart Stores East, LP ("Wal-Mart"), incorrectly identified in the Complaint as Wal-Mart Stores, Inc., hereby answers the allegations in the First Amended Complaint filed by the Plaintiffs ("Plaintiffs' Complaint") as follows:

### Introduction

1.    Wal-Mart denies the allegations in paragraph 1 of Plaintiffs' Complaint.

### Jurisdiction and Venue

2.    Wal-Mart denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Wal-Mart is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

## Parties

4. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Plaintiffs' Complaint.

5. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Plaintiffs' Complaint.

6. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Plaintiffs' Complaint.

7. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Plaintiffs' Complaint.

8. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Plaintiffs' Complaint.

9. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Plaintiffs' Complaint..

10. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Plaintiffs' Complaint.

11.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Plaintiffs' Complaint.

12.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Plaintiffs' Complaint.

13.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Plaintiffs' Complaint.

14.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Plaintiffs' Complaint.

15.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Plaintiffs' Complaint.

16.   The correct name of the corporate entity that operated the stores referenced in Plaintiffs' Complaint is Wal-Mart Stores East, LP.  It is a Delaware corporation with a principal place of business at 702 Southwest 8th Street, Bentonville, AR 72716 that operates retail establishments within the Commonwealth of Massachusetts.  Wal-Mart further admits that it transacts business in Massachusetts and has operated a retail establishment located in Avon, Massachusetts since July 26, 1994 and a retail establishment located in Tewksbury, Massachusetts since December 30, 1995.

17.   Wal-Mart denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18.   Wal-Mart cannot determine what is meant by "at all relevant times" as used in this paragraph, but, if the Plaintiffs intend to assert that improper actions were taken at all relevant times by employees or managers acting in their capacity as such, Wal-Mart denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19.   Wal-Mart denies the allegations in paragraph 19 of Plaintiffs' Complaint for the reasons stated in paragraph 18 herein.

20.   Wal-Mart denies the allegations in paragraph 20 of Plaintiffs' Complaint for the reasons stated in paragraph 18 herein.

### Factual Background

### Discrimination Against Ayala

21.   Wal-Mart admits that Ayala visited the Tewksbury Wal-Mart on September 27, 2002.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Plaintiffs' Complaint.

22.   On account of the dearth of information in Plaintiffs' Complaint regarding the two Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22

4

of the Plaintiffs' Complaint. Wal-Mart further states that it is without knowledge or information as to what was on the mind of Ms. Ayala.

23. On account of the dearth of information in Plaintiffs' Complaint regarding the two Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Plaintiffs' Complaint.

24. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Plaintiffs' Complaint.

25. On account of the dearth of information in Plaintiffs' Complaint regarding the two Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Plaintiffs' Complaint.

26. On account of the dearth of information in Plaintiffs' Complaint regarding the two Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Plaintiffs' Complaint.

27. On account of the dearth of information in Plaintiffs' Complaint regarding the two Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 27 of the Plaintiffs' Complaint.

28. Wal-Mart admits that the police arrived. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Plaintiffs' Complaint.

29. On account of the dearth of information in Plaintiffs' Complaint and the inability for Wal-Mart to know what was on the mind of Ms. Ayala, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Plaintiffs' Complaint except that Wal-Mart denies that Ms. Ayala was harmed by any event at Wal-Mart on the date represented in Plaintiffs' Complaint.

Discrimination Against Bastien, Gabriel and Myles

30. Wal-Mart admits that Bastien, Gabriel and Myles visited the Avon Wal-Mart on September 29, 2003. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in paragraph 30 of the Plaintiffs' Complaint.

31. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Plaintiffs' Complaint.

32. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Plaintiffs' Complaint.

33.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Plaintiffs' Complaint.

34.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Plaintiffs' Complaint.

35.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Plaintiffs' Complaint.

36.   Wal-Mart admits that Bastien, Gabriel, and Myles were stopped at the exit of the Avon Wal-Mart. Wal-Mart admits that an associate of Wal-Mart asked to see the contents of Bastien's purse. Bastien granted her consent. Wal-Mart denies the remaining allegations in paragraph 36 of Plaintiffs' Complaint.

37.   Wal-Mart denies the allegations in paragraph 37 of Plaintiffs' Complaint and, specifically, denies that Myles was carrying a purse.

38.   Wal-Mart admits that its policies prohibit associates from searching customers and customers' personal belongings without permission but denies the remaining allegations in paragraph 38.

39.   Wal-Mart admits that Bastien, Gabriel, and Myles were stopped at the front of the store. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in paragraph 39 of the Plaintiffs' Complaint.

40.  Wal-Mart admits that no merchandise was found in Bastien's purse.  Wal-Mart is without knowledge or information as to the remaining allegations contained in Paragraph 40 of the Plaintiffs' Complaint.

41.  On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Plaintiffs' Complaint.

### Discrimination Against the Beluses

42.  Wal-Mart admits that individuals who represented themselves to be Roudy Belus and Maribel Belus visited the Avon Wal-Mart on September 27, 2003.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Plaintiffs' Complaint.

43.  Wal-Mart is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Plaintiffs' Complaint.

44.  Wal-Mart admits that Mr. and Mrs. Belus purchased several items.  Wal-Mart admits that Mr. and Mrs. Belus were stopped at the front of the store.  Wal-Mart denies that the security alarm did not sound.  Further answering, a Wal-Mart associate did ask to search Mrs. Belus' backpack, and she complied.

45.   Wal-Mart admits that a container of hair coloring was found in the backpack belonging to Mrs. Belus and that it bore the tag of another store.   Wal-Mart denies the remaining allegations contained in paragraph 45 of the Plaintiffs' Complaint.

46.   Wal-Mart admits that its policies prohibit associates from searching customers and customers' personal belongings without permission.

47.   Wal-Mart denies the allegations in paragraph 47 of Plaintiffs' Complaint and further states that the allegation is unclear as it does not state what timeframe is being asserted.

48.   On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of Plaintiffs' Complaint.   Further answering, the Avon Wal-Mart has never posted a sign advising shoppers that all backpacks must be checked, and Wal-Mart denies the remaining allegations in paragraph 48 of Plaintiffs' Complaint.

49.   Wal-Mart admits the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.   Wal-Mart admits that one of its loss prevention associates called the police because Mr. Belus was yelling and causing a scene in front of the store.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of Plaintiffs' Complaint.

51.  Wal-Mart denies the allegations in paragraph 51 of
Plaintiffs' Complaint.  Further answering, upon information and
belief, the police did not charge Mr. and Mrs. Belus with
shoplifting because Wal-Mart elected not to press charges.

### Discrimination Against Lee and Larry

52.  Wal-Mart denies that most of the shoppers were white or
that the day in question was any busier than a normal shopping day
during the holiday season.  Wal-Mart is without present knowledge
or information sufficient to form a belief as to the truth of the
remaining allegations contained in paragraph 52 of the Plaintiffs'
Complaint.

53.  Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 53 of the Plaintiffs' Complaint.

54.  Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 54 of the Plaintiffs' Complaint.

55.  On account of the dearth of information in Plaintiffs'
Complaint regarding the Wal-Mart associate in question, Wal-Mart is
without knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph 55 of the
Plaintiffs' Complaint but denies that it failed to stop white
customers when the alarm sounded.

56.  On account of the dearth of information in Plaintiffs'
Complaint regarding the Wal-Mart associate in question, Wal-Mart is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Plaintiffs' Complaint.

57. Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Plaintiffs' Complaint.

58. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Plaintiffs' Complaint.

59. On account of the dearth of information in Plaintiffs' Complaint regarding the police officer in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Plaintiffs' Complaint.

60. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associates in question, Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Plaintiffs' Complaint.

61. Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Plaintiffs' Complaint.

11

62. On account of the dearth of information in Plaintiffs'
Complaint regarding the Wal-Mart associates in question, Wal-Mart
is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph 62 of the
Plaintiffs' Complaint.

63. Wal-Mart admits that its policies prohibit associates
from searching customers and customers' personal belongings without
permission.

64. On account of the dearth of information in Plaintiffs'
Complaint regarding the Wal-Mart associates in question, Wal-Mart
is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph 64 of the
Plaintiffs' Complaint.

65. On account of the dearth of information in Plaintiffs'
Complaint regarding the Wal-Mart associates in question, Wal-Mart
is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph 65 of the
Plaintiffs' Complaint.

66. Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 66 of the Plaintiffs' Complaint.

## Discrimination Against Johnson

67. Wal-Mart is without present knowledge or information
sufficient to form a belief as to the truth of the allegations
contained in paragraph 67 of the Plaintiffs' Complaint.

12

68. Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Plaintiffs' Complaint.

69. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Plaintiffs' Complaint.

70. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Plaintiffs' Complaint. Further answering, Wal-Mart denies that it is "store policy" to search bags.

71. Wal-Mart admits that its policies prohibit associates from searching customers and customers' personal belongings without permission where no alarm has sounded.

72. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Plaintiffs' Complaint.

73. Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Plaintiffs' Complaint.

13

74. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Plaintiffs' Complaint.

75. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Plaintiffs' Complaint.

### Discrimination Against Sandiford

76. Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

77. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

78. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint

14

does not even supply a specific date for the alleged incident in question.

79. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

80. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

81. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

82. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associates in question, Wal-Mart

15

is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

83. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question. Further answering, the Avon Wal-Mart does not have "corporate" security personnel.

84. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

85. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Plaintiffs' Complaint.

## Discrimination Against Tyler

86. Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Plaintiffs' Complaint.  Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

87. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Plaintiffs' Complaint.  Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

88. Wal-Mart admits the allegations contained in paragraph 88 of the Plaintiffs' Complaint.

89. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Plaintiffs' Complaint.  Further answering, Plaintiffs' Complaint does not even supply a specific date for the alleged incident in question.

90. On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 90 of the
Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint
does not even supply a specific date for the alleged incident in
question.

91. On account of the dearth of information in Plaintiffs'
Complaint regarding the Wal-Mart associate in question, Wal-Mart is
without knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph 91 of the
Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint
does not even supply a specific date for the alleged incident in
question.

92. On account of the dearth of information in Plaintiffs'
Complaint regarding the Wal-Mart associate in question, Wal-Mart is
without knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph 92 of the
Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint
does not even supply a specific date for the alleged incident in
question.

93. On account of the dearth of information in Plaintiffs'
Complaint regarding the Wal-Mart associate in question, Wal-Mart is
without knowledge or information sufficient to form a belief as to
the truth of the allegations contained in paragraph 93 of the
Plaintiffs' Complaint. Further answering, Plaintiffs' Complaint
does not even supply a specific date for the alleged incident in
question.

94.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Plaintiffs' Complaint.

### Discrimination Against Vicente and Ramos

95.   Wal-Mart admits that an individual who represented herself to be Carla Vicente visited the Avon Wal-Mart on August 30, 2003 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Plaintiffs' Complaint.

96.   On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associates in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Plaintiffs' Complaint.

97.   On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Plaintiffs' Complaint.

98.   On account of the dearth of information in Plaintiffs' Complaint regarding the Wal-Mart associate in question, Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Plaintiffs' Complaint.

99.   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Plaintiffs' Complaint.

100. Wal-Mart admits that Ms. Vicente approached a Wal-Mart store manager and that the manager called the police because Ms. Vicente was being disruptive and abusive toward him.  Wal-Mart denies the remaining allegations paragraph 100 of Plaintiffs' Complaint.

101. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Plaintiffs' Complaint.

102. Wal-Mart admits the allegations contained in paragraph 102 of the Plaintiffs' Complaint.

103. Wal-Mart denies the allegations in paragraph 103 of Plaintiffs' Complaint.

104. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Plaintiffs' Complaint.

105. Wal-Mart denies the allegations in paragraph 105 of Plaintiffs' Complaint.

106. Wal-Mart admits that its policies prohibit associates from touching or grabbing customers and further admits that it had no policy that authorized or required a search prior to the customer exiting the store where no alarm has sounded.

107. Wal-Mart denies the allegations in paragraph 107 of Plaintiffs' Complaint.

108. Wal-Mart admits that the police did not charge Ms. Vicente with shoplifting because Wal-Mart elected not to press charges, and upon information and belief, that was the reason for the actions of the police.  Wal-Mart denies the remaining allegations in paragraph 108 of Plaintiffs' Complaint.

109. Wal-Mart is without present knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Plaintiffs' Complaint.

Count I
(42 U.S.C. § 1981 – Contracts Clause)

110. Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-109 above.

111. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Plaintiffs' Complaint.

112. Wal-Mart denies the allegations in paragraph 112 of Plaintiffs' Complaint.

113. Wal-Mart denies the allegations in paragraph 113 of Plaintiffs' Complaint.

114. Wal-Mart denies the allegations in paragraph 114 of Plaintiffs' Complaint.

115. Wal-Mart denies the allegations in paragraph 115 of Plaintiffs' Complaint.

116. Wal-Mart denies the allegations in paragraph 116 of Plaintiffs' Complaint.

117. Wal-Mart denies the allegations in paragraph 117 of Plaintiffs' Complaint.

118. Wal-Mart denies the allegations in paragraph 118 of Plaintiffs' Complaint.

Count II
(42 U.S.C. § 1981 – Equal Benefits Clause)

119. Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-118 above.

120. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Plaintiffs' Complaint.

121. Wal-Mart denies the allegations in paragraph 121 of Plaintiffs' Complaint.

122. Wal-Mart denies the allegations in paragraph 122 of Plaintiffs' Complaint.

123. Wal-Mart denies the allegations in paragraph 123 of Plaintiffs' Complaint.

124. Wal-Mart denies the allegations in paragraph 124 of Plaintiffs' Complaint.

125. Wal-Mart denies the allegations in paragraph 125 of Plaintiffs' Complaint.

126. Wal-Mart denies the allegations in paragraph 126 of Plaintiffs' Complaint.

127. Wal-Mart denies the allegations in paragraph 127 of Plaintiffs' Complaint.

Count III
(42 U.S.C. § 1982 – Equal Right to Purchase, Hold, or Convey Personal Property)

128. Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-127 above.

129. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Plaintiffs' Complaint.

130. Wal-Mart denies the allegations in paragraph 130 of Plaintiffs' Complaint.

131. Wal-Mart denies the allegations in paragraph 131 of Plaintiffs' Complaint.

132. Wal-Mart denies the allegations in paragraph 132 of Plaintiffs' Complaint.

133. Wal-Mart denies the allegations in paragraph 133 of Plaintiffs' Complaint.

134. Wal-Mart admits that Maribel Castro Velazquez is not entitled to relief under 42 U.S.C., Section 1982. Wal-Mart denies the remaining allegations in paragraph 134 of Plaintiffs' Complaint.

135. Wal-Mart denies the allegations in paragraph 135 of Plaintiffs' Complaint.

Count IV
(M.G.C. c. 12, § 111 – Massachusetts Civil Rights Act)

136.   Wal-Mart adopts and incorporates by reference its answers
to the allegations contained in ¶¶ 1-135 above.

137.   Wal-Mart denies the allegations in paragraph 137 of
Plaintiffs' Complaint.

138.   Wal-Mart denies the allegations in paragraph 138 of
Plaintiffs' Complaint.

139.   Wal-Mart denies the allegations in paragraph 139 of
Plaintiffs' Complaint.

Count V
(M.G.L. c. 93A, § 9 – Massachusetts Consumer Protection Act)

140.   Wal-Mart adopts and incorporates by reference its answers
to the allegations contained in ¶¶ 1-139 above.

141.   Wal-Mart admits the allegations contained in paragraph
141 of Plaintiffs' Complaint.

142.   Wal-Mart admits the allegations contained in paragraph
142 of Plaintiffs' Complaint.

143.   Wal-Mart denies the allegations in paragraph 143 of
Plaintiffs' Complaint.

144.   Wal-Mart is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
paragraph 144 of the Plaintiffs' Complaint.

145.   Wal-Mart admits that it served a timely response to the
Plaintiffs' demand letter and denies the remaining allegations
contained in paragraph 145 of Plaintiffs' Complaint.

146.    Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Plaintiffs' Complaint.

147.    Wal-Mart admits that it served a timely response to the Plaintiffs' demand letter and denies the remaining allegations contained in paragraph 147 of Plaintiffs' Complaint.

148.    Wal-Mart denies the allegations in paragraph 148 of Plaintiffs' Complaint.

### Count VI
### (M.G.L. c. 93, § 102 – Equal Rights Act)

149.    Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-148 above.

150.    Wal-Mart denies the allegations in paragraph 150 of Plaintiffs' Complaint.

151.    Wal-Mart denies the allegations in paragraph 151 of Plaintiffs' Complaint.

### Count VII
### (M.G.L. c. 272, § 89 – Discrimination in a Place of Public Accommodation)

152.    Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-151 above.

153.    Wal-Mart denies the allegations in paragraph 153 of Plaintiffs' Complaint.

154.    Wal-Mart admits the allegations contained in paragraph 154 of Plaintiffs' Complaint.

155.    Wal-Mart denies the allegations in paragraph 155 of Plaintiffs' Complaint.

156.   Wal-Mart denies the allegations in paragraph 156 of
Plaintiffs' Complaint.

## Count VIII
(Good Faith and Fair Dealing)

157.   Wal-Mart adopts and incorporates by reference its answers
to the allegations contained in ¶¶ 1-156 above.

158.   Wal-Mart denies the allegations in paragraph 158 of
Plaintiffs' Complaint.

159.   Wal-Mart admits the allegations contained in paragraph
159 of Plaintiffs' Complaint so long as the contract referred to is
a valid, legal, and binding contract.

160.   Wal-Mart denies the allegations in paragraph 160 of
Plaintiffs' Complaint.

161.   Wal-Mart denies the allegations in paragraph 161 of
Plaintiffs' Complaint.

## Count IX
(Common Law False Imprisonment)

162.   Wal-Mart adopts and incorporates by reference its answers
to the allegations contained in ¶¶ 1-161 above.

163.   Wal-Mart denies the allegations in paragraph 163 of
Plaintiffs' Complaint.

164.   Wal-Mart denies the allegations in paragraph 164 of
Plaintiffs' Complaint.

165.   Wal-Mart denies the allegations in paragraph 165 of
Plaintiffs' Complaint.

Count X
(Common Law Intentional Infliction of Emotional Distress)

166.  Wal-Mart adopts and incorporates by reference its answers
to the allegations contained in ¶¶ 1-165 above.

167.  Wal-Mart denies the allegations in paragraph 167 of
Plaintiffs' Complaint and the premise on which the allegation is
based.

168.  Wal-Mart denies the allegations in paragraph 168 of
Plaintiffs' Complaint.

169.  Wal-Mart denies the allegations in paragraph 169 of
Plaintiffs' Complaint.

170.  Wal-Mart denies the allegations in paragraph 170 of
Plaintiffs' Complaint.

171.  Wal-Mart denies the allegations in paragraph 171 of
Plaintiffs' Complaint.

Count XI
(Common Law Defamation)

172.  Wal-Mart adopts and incorporates by reference its answers
to the allegations contained in ¶¶ 1-171 above.

173.  Wal-Mart denies the allegations in paragraph 173 of
Plaintiffs' Complaint.

174.  Wal-Mart denies the allegations in paragraph 174 of
Plaintiffs' Complaint.

175.  Wal-Mart denies the allegations in paragraph 175 of
Plaintiffs' Complaint.

Count XII
(Assault and Battery as to Destiny Ramos)

176.   Wal-Mart adopts and incorporates by reference its answers to the allegations contained in ¶¶ 1-175 above.

177.   Wal-Mart denies the allegations in paragraph 177 of Plaintiffs' Complaint.

178.   Wal-Mart denies the allegations in paragraph 178 of Plaintiffs' Complaint.

179.   Wal-Mart denies the allegations in paragraph 179 of Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against Wal-Mart upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages and, thus, are not entitled to recover.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the damages alleged are not recoverable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting their claims against Wal-Mart.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting their claims by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations are frivolous, unreasonable, or without actual legal foundation, and Wal-Mart is entitled to its legal fees and costs pursuant to M.G.L. ch. 231, § 6F.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as they have failed to exhaust their administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail for insufficient service of process and insufficiency of process.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail as the proper notice was not sent to Defendants.

## TENTH AFFIRMATIVE DEFENSE

All decisions made and actions taken concerning the Plaintiffs were made and taken for non-discriminatory reasons and without discriminatory intent.

## ELEVENTH AFFIRMATIVE DEFENSE

Any detention of the Plaintiffs was based upon probable cause.

## TWELFTH AFFIRMATIVE DEFENSE

Wal-Mart acted in good faith, and lawfully and reasonably detained the Plaintiffs who were detained.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs who were detained were rightly detained with the use of no more force than was necessary.

## FOURTEENTH AFFIRMATIVE DEFENSE

Wal-Mart was justified in its conduct and acts, and is therefore not liable to the Plaintiffs as alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

The words and actions of Wal-Mart described in the Complaint were not defamatory and any such statements made were true.

## SIXTEENTH AFFIRMATIVE DEFENSE

There was no consideration for the contracts referenced in Plaintiffs' Complaint and, thus, they are void.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs lack standing to raise the claims set forth in the Complaint because they are non-citizens.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are guilty of laches and unreasonable delay in bringing this action in that they had notice of all the facts and acts of Wal-Mart set forth in the Complaint and, nevertheless, refrained from commencing this action until July 12, 2005.

## TWENTIETH AFFIRMATIVE DEFENSE

Wal-Mart states that the alleged demand letter sent to Wal-Mart on behalf of the Plaintiffs failed to comply with M.G.L. c. 93A in form.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Wal-Mart states that the alleged demand letter sent to Wal-Mart on behalf of the Plaintiffs failed to comply with M.G.L. c. 93A in substance.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Wal-Mart states that the alleged demand letter sent to Wal-Mart on behalf of the Plaintiffs need not have been answered by Wal-Mart under the circumstances.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Wal-Mart states that, if Wal-Mart acted unreasonably, unfairly, or in violation of any statutory provision, then the Plaintiffs have failed to allege that they were prejudiced thereby, or otherwise damaged.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Wal-Mart states that it acted reasonably and in good faith at all times with respect to the Plaintiffs and the Plaintiffs' claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Wal-Mart will rely upon such other and further defenses as may become available or apparent during discovery or otherwise and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

## DEMAND FOR JURY TRIAL

Defendant Wal-Mart Stores East, LP hereby demands a trial by jury on all issues so triable.

Dated: February 13, 2006  WAL-MART STORES EAST, LP

           By its attorneys,

           CRAIG AND MACAULEY
            PROFESSIONAL CORPORATION


           s/ Allison M. O'Neil
           Richard E. Quinby (BBO#545641)
           Allison M. O'Neil (BBO#641330)
           Chauncey D. Steele IV (BBO#647207)
           Craig and Macauley
            Professional Corporation
           Federal Reserve Plaza
           600 Atlantic Avenue
           Boston, MA  02210
           (617) 367-9500


## CERTIFICATE OF SERVICE

   I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 13, 2006.

           s/Allison M. O'Neil
           Allison M. O'Neil