UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEZALEE AYALA, ALEXANDRA BASTIEN,
ROUDY BELUS, MARIBEL CASTRO
VELAZQUEZ, TONI GABRIEL, JEFFREY
GEORGE, THERESA GEORGE, MAURICE
JOHNSON, MARLO LARRY, DONNA LEE,
COURTNEY MYLES, CHRIS SANDIFORD,
MICHELLE TYLER, and CARLA VICENTE, in
her personal capacity and on behalf of her minor
child, DESTINY RAMOS,

              Plaintiffs,

    v.

WAL-MART STORES, INC.,

              Defendant.

Civil Action No.  05-CV-11468-RBC

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS, MOTION
TO COMPEL RESPONSES TO INTERROGATRIES, AND MOTION FOR SANCTIONS
AGAINST DEFENDANT WAL-MART STORES, INC.**

Pursuant to Fed. R. Civ. P. 37, plaintiffs Ayala, Bastien, Belus, Castro Velazquez,

Gabriel, Jeffrey George, Theresa George, Johnson, Larry, Lee, Myles, Sandiford, Vicente and

Ramos ("Plaintiffs") move that this Court compel Defendant Wal-Mart Stores, Inc. ("Wal-

Mart") to produce responses and all documents responsive to Plaintiffs' First Request for

Production of Documents, a copy of which is attached as Exhibit A, and to respond to Plaintiffs'

First Set of Interrogatories, a copy of which is attached as Exhibit B.  Plaintiffs further move for

sanctions against Wal-Mart for failing to respond to any of the Requests for Production of

Documents and any of the Interrogatories.

Counsel for Plaintiffs certifies that pursuant to Rule 7.1 , he attempted to confer with

counsel for Wal-Mart to try to resolve this dispute without resort to motion practice, but counsel

for Wal-Mart has not returned repeated calls to her office during business hours and has not responded to the June 6, 2006 letter that Plaintiffs' counsel sent to her regarding this discovery and this motion.

Plaintiffs state the following in support of this Motion:

1. Plaintiffs served their First Request for Production of Documents and First Set of Interrogatories on Wal-Mart on April 6, 2006 in accordance with this Court's deadline for serving the first set of written discovery. Accordingly, Wal-Mart's responses to both discovery events was due May 8, 2006.

2. Plaintiffs did not receive any responses or objections to their First Request for Production of Documents or their First Set of Interrogatories by May 8, 2006. Counsel for Wal-Mart attributed this lack of response to her understanding that Plaintiffs had agreed to an extension of time to respond to June 1, 2006. Counsel for Plaintiffs had never agreed to any extension, but nevertheless agreed at that point to an extension to June 1, 2006 for Wal-Mart to respond to the discovery requests, provided that Wal-Mart produce all documents in addition to written responses on or before that date. Counsel for Plaintiffs told counsel for Wal-Mart that it was very important that all documents be produced by June 1 so that the Plaintiffs could move forward with depositions. A letter from counsel for Wal-Mart memorializing Wal-Mart's commitment to produce the requested discovery by June 1 is attached as Exhibit C.

3. Plaintiffs did not receive any responses or objections to their First Request for Production of Documents or their First Set of Interrogatories, nor did they receive any documents by June 1, 2006. Counsel for Wal-Mart has provided no explanation for the

failure to respond.[1]

4.   On June 6, 2006, Plaintiffs' counsel sent a letter to counsel for Wal-Mart demanding that responses be forthcoming, documenting the history of the dispute regarding Wal-Mart's responses, and putting Wal-Mart on notice that if it failed to respond to the discovery requests, Plaintiffs would file a motion to compel and seek sanctions.  Plaintiffs have not received a response to this letter.  A copy of this letter is attached as Exhibit D.

5.   Even now, Wal-Mart's counsel has not offered any time within which responses and documents will be forthcoming.  Plaintiffs will likely use all of the allotted depositions in this case, but will be unable to begin meaningful depositions until they receive responses to interrogatories and document requests, as well as the corresponding responsive documents. This case is beginning its third month discovery and if Plaintiffs do not receive discovery responses and documents soon, they will be unreasonably burdened with trying to complete fact discovery within the time periods set by the Court, thereby prejudicing Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order (1) compelling responses to the First Set of Interrogatories, First Request for Production of Documents, and production of the requested documents and ordering that Wal-Mart has waived all objections to the First Request for Production of Documents and First Set of Interrogatories by failing to timely respond; and (2) sanction Wal-Mart for its dilatory behavior by awarding the costs, including legal fees of $350, associated with bringing this Motion, pursuant to Fed. R. Civ. P. 37(a)(4).

---

[1] Plaintiffs' counsel did receive from Wal-Mart's counsel on June 7, 2006 a request for a Stipulation of Confidentiality and Protective Order.  Plaintiffs' counsel promptly responded with our comments and assent.

ALEZALEE AYALA, ALEXANDRA
BASTIEN, ROUDY BELUS, MARIBEL
CASTRO VELAZQUEZ, TONI GABRIEL,
JEFFREY GEORGE, THERESA GEORGE,
MAURICE JOHNSON, MARLO LARRY,
DONNA LEE, COURTNEY MYLES, CHRIS
SANDIFORD, MICHELLE TYLER and
CARLA VICENTE, in her personal capacity
and on behalf of her minor child, DESTINY
RAMOS

By their attorneys,


/s/ Scott R. Magee
Ruth T. Dowling (BBO #645568)
Scott R. Magee (BBO #664067)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199-7613
617.239.0100

Barbara J. Dougan (BBO #558392)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW OF THE BOSTON BAR
ASSOCIATION
294 Washington Street, Suite 443
Boston, MA 02108
(617) 482-1145

Anne-Marie G. Harris (BBO #557862)
SALEM STATE COLLEGE
SCHOOL OF BUSINESS
352 Lafayette Street
Salem, MA 01970
(978) 542-6823

Dated: June 13, 2006

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEZALEE AYALA, ALEXANDRA BASTIEN,
ROUDY BELUS, MARIBEL CASTRO
VELAZQUEZ, TONI GABRIEL, JEFF
GEORGE, THERESA GEORGE, MAURICE
JOHNSON, MARLO LARRY, DONNA LEE,
COURTNEY MYLES, CHRIS SANDIFORD,
MICHELLE TYLER and CARLA VICENTE, in
her personal capacity and on behalf of her minor
child, DESTINY RAMOS,
          Plaintiffs,

    v.

WAL-MART STORES, INC.,

        Defendant.

Civil Action No. 05-cv-11468-RBC

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO DEFENDANT WAL-MART STORES, INC.[1]

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiffs Ayala, Bastien,

Belus, Castro Velazquez, Gabriel, Jeff George, Theresa George, Johnson, Larry, Lee, Myles,

Sandiford, Tyler, Vicente and Ramos (collectively "Plaintiffs") hereby request that defendant

produce the following documents and things.

## I. INSTRUCTIONS

1.    Defendant is requested to produce all documents in defendant's custody,

possession or control, including all documents that are in the custody of defendant's servants,

attorneys, consultants, accountants or agents, regardless of the location of such documents.

2.    The singular form of a noun or pronoun shall be considered to include within its

---

[1] Based on conversations with Wal-Mart's counsel, we understand that Wal-Mart asserts the proper name of the Wal-Mart entity to be named is "Wal-Mart Stores East, LP." We intend for this request to make all requests against that entity as well.

meaning the plural form of the noun or pronoun so used, and <u>vice versa</u>; the use of the masculine

form of a pronoun shall be considered also to include within its meaning the feminine form of

the pronoun so used, and <u>vice versa</u>; and the use of any tense of any verb shall be considered also

to include within its meaning all other tenses of the verb so used.

3.    If defendant objects to any of the specific requests for production set forth below,

the precise grounds for such objection(s) shall be stated, with particularity.  If any objection rests

in whole or in part on a claim of privilege, the privilege claimed should be stated and all facts

and all documents relied upon in support of such claim shall be stated or identified, with

sufficient particularity to allow adjudication of the claim of privilege.

4.    In the event that defendant objects to, or claims a privilege with respect to any

instruction or request for production, in whole or in part, defendant is requested to produce all

documents (or portions thereof) requested in that portion of the request for production as to

which there is no objection or claim of privilege.

5.    Unless otherwise indicated, the time period pertaining to the following requests is

January 1, 2001 to the present.

## II. DEFINITIONS

1.    The definitions set forth in Rule 26.5(C) of the Local Rules of the United States

District Court for the District of Massachusetts are incorporated by reference.

2.    The word "Complaint" as used herein means the Amended Complaint filed in this

action on September 26, 2005, or any later-filed Complaint.

3.     "Second Amended Complaint" as used herein means the Second Amended Complaint attached as Exhibit 1 to Plaintiffs' Motion for Leave to File Second Amended Complaint in this action filed on March 14, 2006.

4.     As used herein, the word "and" and the word "or" separately shall, unless the context does not permit such a construction, be construed to mean "and/or."

5.     The words "you" and "Defendant" and "Wal-Mart" mean Defendant Wal-Mart Stores, Inc. and Wal-Mart Stores East LP, together with their predecessors, subsidiaries, affiliates, assignees, licensees, employees, agents, representatives, attorneys and others acting for or on their behalf.

6.     The word "plaintiffs" means Alezalee Ayala, Alexandra Bastien, Roudy Belus, Maribel Castro Velazquez, Toni Gabriel, Jeff George, Theresa George, Maurice Johnson, Marlo Larry, Donna Lee, Courtney Myles, Chris Sandiford, Michelle Tyler, Carla Vicente, and Destiny Ramos, together with their representatives, attorneys and others acting for or on their behalf.

7.     "Including" means including but not limited to.

8.     The word "document(s)" shall include electronic documents of any sort, including electronic mail transmissions and any attachments thereto.

9.     The "Avon Wal-Mart" shall mean Wal-Mart Store #2122 located at 30 Memorial Drive, Avon, Massachusetts, 02322.

10.     The "Quincy Wal-Mart" shall mean Wal-Mart Store #2341 located at 301 Falls Blvd., Quincy, Massachusetts, 02169.

11.    The "Tewksbury Wal-Mart" shall mean Wal-Mart Store #2222 located at 333

Main Street, Tewksbury, Massachusetts, 01876.

12.    The term "agent" means employee, agent, independent contractor, associate,

manager or anyone else under the direction and control of Wal-Mart Stores, Inc., Wal-Mart

Stores East LP, the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart.

## III. DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1

All documents concerning any of the plaintiffs and/or the allegations in their Complaint,
including but not limited to all correspondence received by or sent to each plaintiff.

### REQUEST NO. 2

Wal-Mart's employee handbook(s), and Wal-Mart's employee policies and procedures in
effect from January 1, 2001 to the present, and all documents concerning employee policies and
procedures of defendant Wal-Mart including but not limited to policies on the following topics:
(1) the removal of individuals from a Wal-Mart store; (2) theft or theft prevention; (3)
investigation or treatment of individuals believed to be involved in or contemplating theft from a
Wal-Mart store; (4) contact with the police; (5) identification of shoplifters; (6) treatment of
customers; (7) surveillance of customers; and (8) the training of employees on any of these
policies.

### REQUEST NO. 3

All documents concerning any training provided at any time by Wal-Mart to any Wal-
Mart employee, independent contractor or agent who was working at the Avon Wal-Mart,
Quincy Wal-Mart, or Tewksbury Wal-Mart from January 1, 2001 to the present concerning
employee policies and procedures of defendant Wal-Mart including but not limited to policies on
the following topics: (1) the removal of individuals from a Wal-Mart store; (2) theft or theft
prevention; (3) investigation or treatment of individuals believed to be involved in or
contemplating theft from a Wal-Mart store; (4) contact with the police; (5) identification of
shoplifters; (6) treatment of customers; and (7) surveillance of customers.

### REQUEST NO. 4

All documents concerning the purchase of any goods or services by any of the plaintiffs
from Wal-Mart.

**REQUEST NO. 5**

All documents that describe who was working at the Avon Wal-Mart on the dates described in ¶¶32, 44, 62, 77, 86, 96, and 105 of the Second Amended Complaint, at the Quincy Wal-Mart on the dates described in ¶54 of the Second Amended Complaint, or at the Tewksbury Wal-Mart on the dates described in ¶23 of the Second Amended Complaint, what times they were working, their race, and in what capacity they were working. This request includes, but is not limited to, employees who were working as managers, greeters, cashiers and anyone working in a security or customer service role.

**REQUEST NO. 6**

Any customer complaints, discipline records, performance evaluations, or other documents concerning the performance of any employee working at the Avon Wal-Mart on the dates described in ¶¶32, 44, 62, 77, 86, 96, and 105 of the Second Amended Complaint, at the Quincy Wal-Mart on the dates described in ¶54 of the Second Amended Complaint, or at the Tewksbury Wal-Mart on the dates described in ¶23 of the Second Amended Complaint.

**REQUEST NO. 7**

All documents concerning any investigations of the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart conducted internally or by outside investigators concerning the plaintiffs' Complaint and the incidents forming the basis of the Complaint.

**REQUEST NO. 8**

All employee records for the Wal-Mart employees listed in Wal-Mart's initial disclosures.

**REQUEST NO. 9**

All employee records for the employees who were working on the dates described in Request Nos. 5 and 6.

**REQUEST NO. 10**

All documents concerning any actual or suspected theft, internal (by a Wal-Mart agent) or external (by a third party) from the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart.

**REQUEST NO. 11**

All documents that describe the demographic information, including race or national origin, of any shopper at the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart who was stopped, detained, searched, monitored, followed, or accused of theft; or who complained to Wal-Mart for any of these reasons.

**REQUEST NO. 12**

All documents concerning studies, surveys or programs used or sponsored by Wal-Mart to determine the customer demographics, including those about race, ethnicity or national origin, in Massachusetts or any of its regions, including any that are specific to the municipalities of Avon, Quincy and Tewksbury.

**REQUEST NO. 13**

All documents concerning the race or national origin of shoppers at the Avon Wal-Mart, Quincy Wal-Mart or Tewksbury Wal-Mart, including individual shoppers, groups, or Wal-Mart clientele generally.

**REQUEST NO. 14**

All documents concerning any charge or complaint, formal or informal, of race or national origin discrimination at the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart (including charges by employees, customers and any other individuals) against Wal-Mart by anyone other than plaintiffs.

**REQUEST NO. 15**

All documents concerning written or otherwise recorded responses issued by Wal-Mart concerning mistreatment of Wal-Mart customers at the Avon Wal-Mart, Quincy Wal-Mart and Tewksbury Wal-Mart.

**REQUEST NO. 16**

All documents that describe any claims brought in the Massachusetts Commission Against Discrimination or any court, arbitration or other dispute resolution forum against Wal-Mart by a customer or employee of the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart, that alleged discrimination on the basis of race or national origin.

**REQUEST NO. 17**

All documents concerning any investigations of the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart conducted internally or by outside investigators concerning allegations of discrimination on the basis of race or national origin by Wal-Mart against anyone other than the plaintiffs.

**REQUEST NO. 18**

All documents concerning complaints by individuals that they were stopped or searched at the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart by any Wal-Mart employee, independent contractor, agent or anyone else under the direction or control of Wal-Mart.

**REQUEST NO. 19**

All documents concerning instances when police or other law enforcement officials were contacted by anyone at the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart, including, but not limited to Wal-Mart employees, agents or independent contractors, as well as shoppers or other individuals present at the stores. This request includes, but is not limited to documents that describe who contacted law enforcement, when the contact occurred, whether law enforcement came to a Wal-Mart store, and what resulted from the contact.

**REQUEST NO. 20**

All documents concerning all incidents of theft at the Avon Wal-Mart, Quincy Wal-Mart or Tewksbury Wal-Mart that have been referred for prosecution.

**REQUEST NO. 21**

All documents that describe disciplinary actions taken by Wal-Mart against employees at the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart for any actions or behavior toward customers.

**REQUEST NO. 22**

All documents concerning how Wal-Mart records and reports complaints by shoppers against Wal-Mart, including but not limited to documents showing whether Wal-Mart records the race or national origin of the complaining shopper and if, when and how this information is communicated to other Wal-Mart affiliates within the Wal-Mart corporate structure.

**REQUEST NO. 23**

All documents concerning any official or unofficial policy of Wal-mart for resolving incidents of shoplifting that are not referred for prosecution.

**REQUEST NO. 24**

All documents that describe any official or unofficial policies of Wal-Mart concerning when or whether a Wal-Mart employee, independent contractor or agent is permitted to detain a shopper or to search a shopper's shopping bags, containers, clothing, person or personal items.

**REQUEST NO. 25**

All documents that describe the security procedures used at the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart by Wal-Mart employees and independent contractors, including but not limited to those procedures regarding (1) the removal of individuals from a Wal-Mart store; (2) theft or theft prevention; (3) investigation or treatment of individuals believed to be involved in or contemplating theft from a Wal-Mart store; (4) contact with the

police; (5) identification of shoplifters; (6) treatment of customers; (7) surveillance of customers; and (8) the training of employees on any of these policies. This request includes all documents that describe if and how police officers, whether on or off duty, and private security personnel were used to provide or assist Wal-Mart security and theft prevention.

## REQUEST NO. 26

All documents concerning demographic studies, summaries, surveys and/or reports generated, purchased, reviewed, subsidized, authored or co-authored by Wal-Mart, including Wal-mart's officers, directors, employees and agents, identifying the physical appearance, typical or preferred clothing, conduct, ethnicity, race, national origin or profile of potential or suspected shoplifters and/or customers.

## REQUEST NO. 27

All policies of Wal-Mart concerning the return, exchange or refund of store merchandise for cash, credit card refund or store merchandise credit, that were in effect at the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart from January 1, 2001 to the present.

## REQUEST NO. 28

All documents concerning record-keeping and/or document retention policies of Wal-Mart.

## REQUEST NO. 29

All documents that describe the layout of the Avon Wal-Mart, Quincy Wal-Mart, or Tewksbury Wal-Mart, including but not limited to floor plans, diagrams, and documents that describe where employees are stationed when on duty.

## REQUEST NO. 30

Any videotapes that show any of the incidents described in the Second Amended Complaint, including but not limited to any videotape of plaintiffs Lee and Larry at the Avon Wal-Mart on or about December 20, 2002.

## REQUEST NO. 31

All manuals, policies, procedures or documents concerning video or photographic surveillance of shoppers at the Avon Wal-Mart, Quincy Wal-Mart or Tewksbury Wal-Mart.

## REQUEST NO. 32

All documents concerning store budget, employee bonuses and/or store bonus deductions and/or off-sets as a result of shrinkage, internal theft and/or external theft, specifically limited to those documents concerning the Avon Wal-Mart, Quincy Wal-Mart and Tewksbury Wal-Mart.

**REQUEST NO. 33**

All documents listed in Wal-Mart's initial disclosure or any supplement(s) thereto, including the Wal-Mart Statement of Ethics, Wal-Mart Shoplifter Apprehension Policy, and the Wal-Mart Time Card Archive Reports.

**REQUEST NO. 34**

All organizational charts for the Avon Wal-Mart, Quincy Wal-Mart, Tewksbury Wal-Mart, Wal-Mart Stores, Inc., Wal-Mart Stores East LP, and all parent companies, subsidiaries or divisions of any of these entities.

**REQUEST NO. 35**

All insurance policies and all documents concerning all insurance policies held by Wal-Mart which may apply to any of the plaintiffs' claims.

**REQUEST NO. 36**

All documents concerning the affirmative defenses that Wal-Mart raises in its Answer or any subsequent Answer.

**REQUEST NO. 37**

All documents identified in Wal-Mart's response to plaintiffs' First Set of Interrogatory Requests.

ALEZALEE AYALA, ALEXANDRA
BASTIEN, ROUDY BELUS, MARIBEL
CASTRO VELAZQUEZ, TONI GABRIEL,
JEFF GEORGE, THERESA GEORGE,
MAURICE JOHNSON, MARLO LARRY,
DONNA LEE, COURTNEY MYLES, CHRIS
SANDIFORD, MICHELLE TYLER and
CARLA VICENTE, in her personal capacity
and on behalf of her minor child, DESTINY
RAMOS

By their attorneys,

_Ruth Dowling_
Ruth T. Dowling (BBO #645568)
Scott R. Magee (BBO #664067)
*(Admission to Bar of the Court for S.Magee
is pending, subject to swearing in ceremony)*
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
617.239.0100

Barbara J. Dougan (BBO #558392)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW OF THE BOSTON BAR
ASSOCIATION
294 Washington Street, Suite 443
Boston, MA 02108
(617) 482-1145

Anne-Marie G. Harris (BBO #557862)
SALEM STATE COLLEGE
SCHOOL OF BUSINESS
352 Lafayette Street
Salem, MA 01970
(978) 542-6823

Dated: April 6, 2006

CERTIFICATE OF SERVICE

I caused a true copy of the above document to be served upon the attorney of
record for each other party by facsimile and first-class mail on April 6, 2006.

_Ruth Dowling_

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEZALEE AYALA, ALEXANDRA BASTIEN, ROUDY BELUS, MARIBEL CASTRO VELAZQUEZ, TONI GABRIEL, JEFF GEORGE, THERESA GEORGE, MAURICE JOHNSON, MARLO LARRY, DONNA LEE, COURTNEY MYLES, CHRIS SANDIFORD, MICHELLE TYLER and CARLA VICENTE, in her personal capacity and on behalf of her minor child, DESTINY RAMOS,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Civil Action No. 05-cv-11468-RBC |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT WAL-MART STORES, INC.[1]

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiffs Ayala, Bastien,

Belus, Castro Velazquez, Gabriel, Jeff George, Theresa George, Johnson, Larry, Lee, Myles,

Sandiford, Tyler, Vicente and Ramos (collectively "Plaintiffs") hereby request that defendant

answer the following Interrogatories.

### I. INSTRUCTIONS

1.    These Interrogatories are continuing and require supplemental answers to the

extent required pursuant to Rule 33 of the Federal Rules of Civil Procedure.

2.    In the event the defendant is able to provide only part of the information called for

by any particular interrogatory, the defendant is requested to provide all the information which

---

[1] Based on conversations with Wal-Mart's counsel, we understand that Wal-Mart asserts the proper name of the Wal-Mart entity to be named is "Wal-Mart Stores East, LP." We intend for this request to make all requests against that entity as well.

it can provide and to state the reason(s) for the alleged inability to provide the remainder.

3.      In the event the defendant objects to any interrogatory, the defendant is requested

to answer all information called for by that portion or portions of the interrogatory which are not

objected to and to state fully the basis or bases for the objection.

4.      In the event that it is claimed that any communication or document responsive to

any interrogatory is privileged, each privileged communication or document should be fully

identified in writing sufficient to adjudicate the claim of privilege.

## II.  **DEFINITIONS & INSTRUCTIONS**

1.      The definitions set forth in Rule 26.5(C) of the Local Rules of the United States

District Court for the District of Massachusetts are incorporated by reference.

2.      The definitions and instructions set forth in Plaintiffs' First Request for the

Production of Documents and Things to Defendant are incorporated by reference.

## III.  **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe the management structure of the Avon Wal-Mart, the Quincy Wal-Mart, and the
Tewksbury Wal-Mart, including the management structure internally, and the relationship of
each store to Wal-Mart Stores, Inc., Wal-Mart Stores East LP, and any other Wal-Mart parent
company, subsidiary or division. As used herein, "management structure" means the manner in
which employees report to the managers and supervisors, and how those people in turn report to
superiors, specifically including the names of the employees who served in each position as a
manager or superior for another employee at the times described in ¶¶23, 32, 44, 54, 62, 77, 86,
96 and 105 of the Second Amended Complaint. Further, this includes the manner in which
individual stores and their employees and managers are supervised by other Wal-Mart entities.

**INTERROGATORY NO. 2:**

Identify all of Wal-Mart's parent companies, subsidiaries and divisions; full name and
principal business address of each parent company, subsidiary or division; and the relationships
between the parent company, subsidiaries and divisions, including but not limited to Wal-Mart

Stores, Inc., Wal-Mart Stores East LP, the Avon Wal-Mart, the Quincy Wal-Mart, and the Tewksbury Wal-Mart.

## INTERROGATORY NO. 3:

Please describe fully investigations of each incident complained of by each plaintiff and made the basis of this lawsuit, including in your response who conducted the investigation(s), when the investigation(s) was conducted and the results, findings or conclusions of said investigation(s).

## INTERROGATORY NO. 4:

Has Wal-Mart ever conducted, subsidized and/or participated in any study, program or survey to determine a profile of likely shoppers and/or customers? If your answer is yes, please identify the year in which the survey or study occurred, the name of the author, and the identity of Defendant's person most knowledgeable on the study or survey. If your answer is no, explain why not.

## INTERROGATORY NO. 5:

Has Wal-Mart ever maintained any records identifying the likely clothing, conduct, ethnicity, income, gender, race and/or appearance of potential shoppers and/or customers? If your answer is yes, please describe briefly the title of these documents as well as the nature of these documents and identify by name, address and telephone number the custodian of these records.

## INTERROGATORY NO. 6

Has Wal-Mart ever conducted, subsidized and/or participated in any study, program or survey to determine a profile of likely shoplifters? If your answer is yes, please identify the year in which the survey or study occurred, the name of the author, and the identity of Defendant's person most knowledgeable on the study or survey. If your answer is no, explain why not.

## INTERROGATORY NO. 7

Has Wal-Mart ever maintained any records identifying the likely clothing, conduct, ethnicity, income, gender, race and/or appearance of potential shoplifters? If your answer is yes, please describe briefly the title of these documents as well as the nature of these documents and identify by name, address and telephone number the custodian of these records.

## INTERROGATORY NO. 8

For each individual who is identified as a Wal-Mart agent in the Plaintiffs' Initial Disclosure(s) or the Defendant's Intial Disclosure(s), or who witnessed the incidents involving the plaintiffs as described in the Second Amended Complaint, please describe their address, age, race, national origin, position(s) held at Wal-Mart, previous employment, criminal record,

whether they still work at Wal-mart, if so where, and all disciplinary action taken against them by Wal-Mart or any previous employer.

ALEZALEE AYALA, ALEXANDRA BASTIEN, ROUDY BELUS, MARIBEL CASTRO VELAZQUEZ, TONI GABRIEL, JEFF GEORGE, THERESA GEORGE, MAURICE JOHNSON, MARLO LARRY, DONNA LEE, COURTNEY MYLES, CHRIS SANDIFORD, MICHELLE TYLER and CARLA VICENTE, in her personal capacity and on behalf of her minor child, DESTINY RAMOS

By their attorneys,

Ruth T. Dowling (BBO #645568)
Scott R. Magee (BBO #664067)
*(Admission to Bar of the Court for S.Magee is pending, subject to swearing in ceremony)*
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199-7613
617.239.0100

Barbara J. Dougan (BBO #558392)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW OF THE BOSTON BAR
ASSOCIATION
294 Washington Street, Suite 443
Boston, MA 02108
(617) 482-1145

Anne-Marie G. Harris (BBO #557862)
SALEM STATE COLLEGE
SCHOOL OF BUSINESS
352 Lafayette Street
Salem, MA 01970
(978) 542-6823

Dated: April 6, 2006

CERTIFICATE OF SERVICE

I caused a true copy of the above document to be served upon the attorney of
record for each other party by facsimile and first-class mail on April 6, 2006.

# Exhibit C

CRAIG AND MACAULEY | PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

*www.craigmacauley.com*

FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210

TEL (617) 367-9500
FAX (617) 742-1788

May 17, 2006

Ruth Dowling, Esquire
Palmer & Dodge, LLP
111 Huntington Avenue
Boston, MA 02199-7613

  Re: Bastien, et al. v. Wal-Mart Stores, Inc.
    United States District Court (MA), Civil Action No. 05-11468MLW

Dear Attorney Dowling:

    Thank you for your courtesy in allowing this office an extension of time
through and including Thursday, June 1, 2006, to respond to Plaintiffs'
Interrogatories and Request for Production of Documents.

           Very truly yours,

           Allison M. O'Neil

AMO/jam

Exhibit D

# EDWARDS ANGELL PALMER & DODGE LLP

111 Huntington Avenue  Boston, MA 02199  617.239.0100  *fax* 617.227.4420  eapdlaw.com

Ruth T. Dowling

617.239.0657
*fax* 617.316.8313
rdowling@eapdlaw.com

June 6, 2006

## **VIA FACSIMILE AND MAIL**

Allison O'Neil
Craig and Macauley P.C.
600 Atlantic Avenue
Boston, MA 02210

      Re:    Bastien et al. v. Wal-Mart Stores, Inc.
             Civil Action No. 05-CV-11468-RBC

Dear Allison:

The plaintiffs are being severely prejudiced by your client's casual disregard of the discovery deadlines that have been established in this case. We must demand that Wal-Mart respond to the plaintiffs' first set of discovery requests on or before June 9, 2006, or we will pursue a motion to compel and seek sanctions.

On April 6, 2006, we served Plaintiffs' First Request for Production of Documents and First Set of Interrogatories. Responses to both of those discovery requests were due on May 8, 2006, yet we received no response from Wal-Mart by that deadline. When Scott Magee called you to find out when the responses would be forthcoming, you explained that you believed that you had received an extension until June 1. This belief was inconsistent with our understanding as we had never agreed to an extension of any kind. Nevertheless, when you and I spoke, I agreed to extend the deadline to June 1. In that conversation, I explained to you the plaintiffs' concern that they would be prejudiced by the delay. You represented that your client would respond to the First Set of Interrogatories, the First Request for Production of Documents, and produce all of the corresponding responsive documents on or before June 1. So that there would be no misunderstanding, I insisted that our agreement be codified and you sent me a confirming letter a few days later. Despite your representations, we have not yet received a single response nor a single document. Nor do we have any explanation from you concerning the missed deadline nor any promise that the requested materials will be promptly provided (despite our phone calls to your office).

Wal-Mart's flouting of the discovery deadlines is not without repercussions. By not responding to the discovery requests within the time allotted by the Federal Rules of Civil Procedure 33 and 34, which also govern the time within which objections may be served, Wal-Mart has waived all objections to all of the interrogatories and requests for documents that we have served. We therefore expect full responses to each question and request.

# EDWARDS ANGELL PALMER& DODGE LLP

Allison O'Neil
June 6, 2006
Page 2

As I have previously expressed, we believe that discovery will be comprehensive and time consuming in this case. Indeed, we expect that we will use all of our allotted depositions, and to prepare for these adequately, we will need the documents and interrogatory responses that Wal-Mart has not produced in a timely fashion. We also are concerned that Wal-Mart has not yet provided us with interrogatories or document requests that comply with the discovery event limitations in Local Rule 26.1. Although we have expressed on several occasions our willingness to try to respond to compliant requests in a shorter time frame than the 30 days permitted in the Federal Rules, Wal-Mart has not provided those requests yet. Indeed, as a show of good faith, we produced on May 3 the few pertinent documents that we know to exist – prior to the May 8 deadline by which Wal-Mart was to serve discovery responses. Given how many schedules we will have to juggle to arrange for depositions in this case, we are very concerned that Wal-Mart's delay will cause undue pressure at the end of the discovery period.

To reiterate, we expect to have complete responses from Wal-Mart to the Plaintiffs' First Set of Interrogatories, Plaintiffs' First Request for Production of Documents, and all responsive documents corresponding to those requests by Friday, June 9, 2006. Furthermore, by failing to respond to Plaintiffs' discovery requests in a timely fashion, Wal-Mart has waived the right to object to all of those requests.

Please do not hesitate to contact me directly to discuss this matter.

Very truly yours,

Ruth Dowling

Ruth T. Dowling

cc:     Scott Magee