UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                        )
ALEZALEE AYALA, ALEXANDRA               )
BASTIEN, ROUDY BELUS,                   )
MARIBEL CASTRO VELAZQUEZ,               )   Civil Action No. 05-CV-11468-RBC
TONI GABRIEL, JEFFREY                   )
GEORGE, THERESA GEORGE,                 )
MAURICE JOHNSON, MARLO                  )
LARRY, DONNA LEE,                       )
COURTNEY MYLES, CHRIS                   )
SANDIFORD, MICHELLE TYLER               )
and CARLA VICENTE, in her               )
personal capacity and on                )
behalf of her minor                     )
child, DESTINY RAMOS,                   )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )
                                        )
WAL-MART STORES, INC.,                  )
                                        )
        Defendant.                      )
                                        )
```

## STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

Whereas discovery in and the trial of the above-captioned action may involve disclosure of confidential and proprietary business information regarding Wal-Mart Stores, Inc., the parties agree as follows:

1.  The documents shall only be viewed by the Plaintiffs, the Plaintiffs' attorney and staff, and any testifying or consulting expert for the purpose of the matter of Bastien, et al. v. Wal-Mart Stores, Inc. in United

States District Court (MA) only unless otherwise ordered by the court.

2.  If any portion of the Documents is deemed necessary to file with any Court pleading, Plaintiffs will submit the Document under seal and marked "Subject to Confidentiality Agreement."

3.  After the litigation has been terminated either by settlement or final judgment, each copy of the Documents will be returned to Wal-Mart or destroyed with a certification from Plaintiffs' counsel that to the best of their knowledge this confidentiality agreement has been fully honored by Plaintiffs and their attorneys.

4.  If any person receiving confidential information ("Receiving Party") is served with a document request, subpoena, court order or other legal process seeking Confidential Information provided by Wal-Mart, the Receiving Party shall provide prompt written notice to Wal-Mart. In addition, the Receiving Party shall set forth the existence of this Stipulation as an initial objection to production of the requested information and shall not produce the requested common interest materials until at least the fifth (5th) business day after having given notice to Wal-Mart. Once timely notice has been provided to Wal-Mart, no Receiving Party is required to challenge or appeal any demand for production of Confidential Information or to

subject itself to any penalties for non-compliance with any legal process, order or demand. Under these circumstances, each of the parties hereto expressly waives any objection or opposition to intervention or motion of Wal-Mart in any proceeding for the purpose of asserting the Confidentiality of the information sought or any applicable privilege against disclosure of the information.

    5. The acceptance of materials or information designated as Confidential Information by a Receiving Party shall not constitute an admission or concession or permit an inference that the material or information designated as Confidential Information is, in fact, confidential. A party shall not be obligated to challenge the confidentiality of a designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event of a dispute with respect to the designation of any discovery material as Confidential Information, counsel shall attempt to resolve their dispute on an informal basis before presenting the matter to the Court for resolution. If a resolution cannot be reached, the party challenging the designation shall provide a written notice to Wal-Mart: (i) identifying with particularity the challenged Confidential Information, and (ii) stating the reasons why the designation is being challenged. Within fifteen (15) days after service of the

written notice, the Receiving Party shall move the Court for a determination as to whether the material or information is confidential and request an order to remove its designated status as Confidential Information. Until such time as the challenge is resolved, such Confidential Information shall be maintained in accordance with this Stipulated Protective Order.

6. If for any reason Plaintiffs believe they need relief from this agreement, Plaintiffs will first seek approval of requested modification from Wal-Mart, and if not forthcoming, Plaintiffs will seek modification from the Court upon the showing of good cause as that term is commonly used within the Massachusetts Rules of Civil Procedure.

                                        WAL-MART STORES, INC.

                                        By its attorneys,

                                        CRAIG AND MACAULEY
                                           PROFESSIONAL CORPORATION

Dated: June 13, 2006        s/ Richard E. Quinby
                                        Richard E. Quinby BBO# 545641
                                        Allison M. O'Neil BBO# 641330
                                        Craig and Macauley
                                           Professional Corporation
                                        Federal Reserve Plaza
                                        600 Atlantic Avenue
                                        Boston, MA  02210
                                        (617) 367-9500

Alexandra Bastien, et al,
By their attorneys,

June 13, 2006

s/ Ruth T. Dowling
Ruth T. Dowling, BBO # 648107
Scott R. Magee, BBO # 664067
Edwards Angell Palmer &
  Dodge, LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 13, 2006.

s/ Allison M. O'Neil
Allison M. O'Neil

SO ORDERED

_____
Robert B. Collings
United States Magistrate Judge

BOS111 12032266.2                        5